[Crim. No. 1313. In Chambers.—November 18, 1905.]

## Ex Parte H. A. KROUSE, on Habeas Corpus.

CONTEMPT—JUDGMENT—FINE—DIRECTION FOR IMPRISONMENT.—A judgment fining the petitioner for contempt of court in the sum of one hundred dollars, and adjudging that in default of the payment of the fine he be imprisoned in the county jail "until the said fine is paid," such imprisonment not to exceed one day for each twenty dollars of said fine that shall so remain unpaid, is not void because the words "until the said fine is paid" are used instead of the statutory words "until the fine be satisfied," found in section 1205 of the Penal Code.

APPLICATION for a writ of Habeas Corpus.

The facts are stated in the opinion of the court.

H. A. Krouse, *in pro. per.*, for Petitioner.

Charles L. Weller, Assistant District Attorney, for Respondent.

McFARLAND, J.—A writ of *habeas corpus*, on petition of H. A. Krouse, was heretofore issued, returnable before me, and upon return of the writ the matter was heard before me and submitted. A similar writ had recently been issued and heard before the district court of appeal of the first district, and the petitioner had been remanded. In this present proceeding the petitioner makes one point not made before said court of appeal, and that point is the only one calling for especial notice. There are no other sufficient grounds for the discharge of the petitioner.

The petitioner was fined one hundred dollars by the superior court of the city and county of San Francisco for contempt of court, and was adjudged, in default of payment of that fine, to be imprisoned at the rate of one day for each twenty dollars of the fine. The language of that part of of the judgment of the superior court is as follows: "It is further ordered, adjudged, and decreed that in default of the payment of said fine he be imprisoned in the county jail of the city and county of San Francisco, state of California,

until the said fine is paid, such imprisonment not to exceed one day for each twenty dollars of said fine that shall so remain unpaid,''—and the new point made by the petitioner is that the judgment of imprisonment is void because the words ''until the said fine is paid'' are used, instead of the statutory words ''until the fine be satisfied,'' found in section 1205 of the Penal Code. Petitioner contends that by this judgment he is compelled to pay the whole fine or be imprisoned for the entire five days, whereas, if the word ''satisfied'' had been used, he could pay part of the fine, and satisfy the rest by imprisonment for less than the entire five days. When the case was submitted, I announced as my present impression that, with respect to the question here involved, there was no substantial distinction between the words ''paid'' and ''satisfied,'' and that, although the former word was used in the judgment, the petitioner would have the right to discharge part of the fine by imprisonment for part of the time; but I deemed the question worthy of further consideration. Since then the district attorney's office has referred me to the case of *Ex parte Henshaw*, 73 Cal. 486, [15 Pac. 110], where the very question was expressly raised and definitely decided against the contention of the present petitioner and in accordance with my own views expressed at the hearing. I hold that the point is not well taken.

It is ordered and adjudged that the petitioner herein, H. A. Krouse, be, and he hereby is, remanded to the custody of the sheriff of the city and county of San Francisco, and that this writ be discharged.