[No. S090710. May 23, 2002.]

THE PEOPLE, Plaintiff and Respondent, v.
NAASIR A. TALIBDEEN, Defendant and Appellant.

## Counsel

Laura P. Gordon and Richard Lennon, under appointments by the Supreme Court, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner and Robert R. Anderson, Chief Assistant Attorneys General, Carol Wendelin Pollack and Pamela C. Hamanka, Assistant Attorneys General, Kenneth C. Byrne, Lance E. Winters and David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BROWN, J.**—In *People v. Tillman* (2000) 22 Cal.4th 300, 303 [92 Cal.Rptr.2d 741, 992 P.2d 1109] *(Tillman)*, we held that appellate courts may not correct a "discretionary sentencing choice" if the People failed to object at sentencing. Because such an error is "not correctable without considering factual issues presented by the record or remanding for additional findings," the People have waived the issue and may not raise it for the first time on appeal. *(People v. Smith* (2001) 24 Cal.4th 849, 853 [102 Cal.Rptr.2d 731, 14 P.3d 942] *(Smith).)* In *Smith,* we recognized a narrow exception to this waiver rule for "obvious legal errors at sentencing that are correctable without referring to factual findings in the record or remanding for further findings." *(Id.* at p. 852.) Today, we consider the application of *Tillman* and *Smith* in the state and county penalty context.

In this case, defendant pled no contest to cocaine possession (Health & Saf. Code, § 11350, subd. (a)) and admitted a prior "strike" allegation (Pen. Code, § 1170.12, subds. (a)-(d)). At sentencing, the trial court imposed, among other things, a laboratory analysis fee of $50 pursuant to Health and Safety Code section 11372.5, subdivision (a). Although subdivision (a) of Penal Code[1] section 1464 and subdivision (a) of Government Code section 76000 called for the imposition of state and county penalties based on such a fee, the trial court did not levy these penalties, and the People did not object at sentencing.[2] Nonetheless, the Court of Appeal imposed the penalties because they were mandatory—and not discretionary—sentencing choices. (See *Smith, supra,* 24 Cal.4th at p. 852.) ▉ Defendant contends the Court of Appeal erred because the trial court had discretion to waive these penalties at sentencing under subdivision (d) of Penal Code section 1464. We disagree and affirm.

Under subdivision (a) of Penal Code section 1464, the trial court "*shall* [levy] a state penalty, in an amount equal to ten dollars ($10) for every ten dollars ($10) or fraction thereof, upon every fine, penalty, or forfeiture

[1]All further statutory references are to the Penal Code unless otherwise indicated.

[2]Based on the $50 laboratory fee, the state penalty would have been $50 (see Pen. Code, § 1464, subd. (a)), and the county penalty would have been $35 (see Gov. Code, § 76000, subd. (a)).

imposed and collected by the courts for criminal offenses . . . ." (Italics added.) Subdivision (a) of Government Code section 76000 then provides that "there *shall* be levied an additional penalty of seven dollars ($7) for every ten dollars ($10) or fraction thereof which *shall* be collected together with and *in the same manner as the amounts established by Section 1464 of the Penal Code*, upon every fine, penalty, or forfeiture imposed and collected by the courts for criminal offenses . . . ."[3] (Italics added.)

Despite the use of the word "shall" in these penalty provisions (see Pen. Code, § 1464, subd. (a); Gov. Code, § 76000, subd. (a)), defendant contends these penalties are discretionary in light of subdivision (d) of section 1464. Subdivision (d) of section 1464 states: "In any case where a person convicted of any offense, to which this section applies, is in prison until the fine is satisfied, the judge may waive all or any part of the state penalty, the payment of which would work a hardship on the person convicted or his or her immediate family." According to defendant, subdivision (d) gave the trial court the power to waive the state and county penalties at sentencing because the court sentenced him to prison for his criminal convictions. Thus, the imposition of these penalties was a discretionary sentencing choice, and the People waived any objection to the omission at sentencing. (See *Tillman, supra,* 22 Cal.4th at p. 303.) Defendant, however, misconstrues subdivision (d) of section 1464. The language of subdivision (d) only gives the court discretion to waive these penalties if the defendant is actually "in prison" for failure to pay a fine. (§ 1464, subd. (d).) Because defendant was not, the trial court had no discretion to waive these penalties at sentencing. Thus, the Court of Appeal properly corrected the omission on appeal. (See *Smith, supra,* 24 Cal.4th at p. 853.)

■ As always, we begin with the canons of statutory construction. "When interpreting a statute, 'we turn first to the language of the statute, giving the words their ordinary meaning.'" (*People v. Rubalcava* (2000) 23 Cal.4th 322, 328 [96 Cal.Rptr.2d 735, 1 P.3d 52], quoting *People v. Birkett* (1999) 21 Cal.4th 226, 231 [87 Cal.Rptr.2d 205, 980 P.2d 912].) "If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature . . . ." (*Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].)

■ Here, the language of section 1464, subdivision (d) appears clear. "[T]he judge may" waive the penalties only if the defendant "is *in prison*

---

[3]Because the parties agree that Government Code section 76000, subdivision (a) applies and that the propriety of imposing this county penalty depends on whether the Court of Appeal properly imposed the state penalty, we treat the penalties as one in our analysis.

*until the fine is satisfied."* (§ 1464, subd. (d), italics added.) The phrase "in prison" is a descriptive phrase referring to the defendant's *"state* of confinement or captivity." (Webster's Collegiate Dict. (10th ed. 1993) p. 927 (Webster's), italics added.) Thus, section 1464, subdivision (d) only applies if the defendant is in the midst of serving a term of imprisonment.

The modifying phrase "until the fine is satisfied" further limits the applicability of section 1464, subdivision (d). For guidance in interpreting this phrase, we look to section 1205, subdivision (a)—which contains the same phrase in an analogous context. Section 1205, subdivision (a) provides that "[a] judgment that the defendant pay a fine, with or without other punishment, may also direct that he or she be imprisoned *until the fine is satisfied* and may further direct that the imprisonment begin at and continue after the expiration of any imprisonment imposed as a part of the punishment or of any other imprisonment to which he or she may theretofore have been sentenced. . . ."[4] (Italics added.) We have long interpreted the phrase in this context to mean that the defendant shall be imprisoned until he either pays the fine or completes a sentence dictated by the amount of the fine left unpaid. (See *Ex parte Krouse* (1905) 148 Cal. 232, 233 [82 P. 1043] [holding that a judgment imposing imprisonment " 'until the fine [is] satisfied' " means that the defendant may pay part of the fine and satisfy the rest of the fine by serving a term of imprisonment commensurate with the unpaid amount].) Applying this interpretation in the context of section 1464, subdivision (d)—where the phrase "until the fine is satisfied" modifies the phrase "in prison"—we conclude that a judge may only waive the state and county penalties if the defendant is in the midst of serving a sentence imposed because he failed to pay a fine. Absent this condition precedent, imposition of these penalties is mandatory. (See Pen. Code, § 1464, subd. (a); Gov. Code, § 76000, subd. (a).)

---

[4]Section 1205, subdivision (a) states in full: "A judgment that the defendant pay a fine, with or without other punishment, may also direct that he or she be imprisoned until the fine is satisfied and may further direct that the imprisonment begin at and continue after the expiration of any imprisonment imposed as a part of the punishment or of any other imprisonment to which he or she may theretofore have been sentenced. Each of these judgments shall specify the extent of the imprisonment for nonpayment of the fine, which shall not be more than one day for each thirty dollars ($30) of the fine, nor exceed in any case the term for which the defendant might be sentenced to imprisonment for the offense of which he or she has been convicted. A defendant held in custody for nonpayment of a fine shall be entitled to credit on the fine for each day he or she is so held in custody, at the rate specified in the judgment. When the defendant has been convicted of a misdemeanor, a judgment that the defendant pay a fine may also direct that he or she pay the fine within a limited time or in installments on specified dates and that in default of payment as therein stipulated he or she be imprisoned in the discretion of the court either until the defaulted installment is satisfied or until the fine is satisfied in full; but unless the direction is given in the judgment, the fine shall be payable forthwith."

The legislative history provides further support for such an interpretation. Former section 13521, the precursor to section 1464, subdivision (d), gave judges discretion to waive the penalty assessment if the defendant "is imprisoned until the fine is satisfied." (Stats. 1970, ch. 1009, § 1, p. 1816.) This language was virtually identical to the language of section 1205, subdivision (a), and this similarity strongly suggests that the Legislature intended to give this phrase the same meaning in both statutes. Upon enacting subdivision (d) of section 1464, the Legislature, however, made one significant revision: it changed the word "imprisoned" to the phrase "in prison." (Compare § 1464, subd. (d) with former § 13521, Stats. 1970, ch. 1009, § 1, p. 1816.) In doing so, the Legislature, contrary to defendant's unsupported assertion, narrowed the scope of a judge's discretion to waive the penalties. (See *People v. Preston* (1996) 43 Cal.App.4th 450, 460 [50 Cal.Rptr.2d 778] [when the Legislature alters the wording of a statute, we must, as a general rule, assume that the Legislature intended to alter the law].) Because the phrase "in prison" only connotes the state of confinement, while the word "imprisoned" may encompass both the state of confinement and the judge's decision to sentence the defendant to confinement (compare Webster's, *supra*, p. 927 ["prison" means "a state of confinement or captivity"] with Webster's, *supra*, p. 584 ["imprison" means "to put in or as if in prison"]), the legislative revision establishes that the judge has discretion to waive the penalties *only if* the defendant is serving a sentence for failure to pay the fine. (See *ante*, this page.)

*People v. Sierra* (1995) 37 Cal.App.4th 1690 [44 Cal.Rptr.2d 575] is inapposite. Although *Sierra* omitted the phrase "until the fine is satisfied" when describing the scope of a court's discretion under subdivision (d) of section 1464, this omission did not establish an alternative interpretation of this subdivision. (See *Sierra*, at pp. 1695-1696 ["Trial courts are given discretion under subdivision (d) of section 1464 not to impose the penalty assessment where an inmate remains in prison and the payment of the assessment 'would work a hardship on the person convicted or his or her immediate family' "].) The omission was probably just an unintended oversight. (See *People v. Martinez* (1998) 65 Cal.App.4th 1511, 1521 [77 Cal.Rptr.2d 492] [inserting the phrase "until the fine is satisfied" when quoting *Sierra*].) In any event, the cited language in *Sierra* is, at most, nonbinding dicta because the scope of section 1464, subdivision (d) was not at issue.

Finally, defendant's claim that our interpretation would render meaningless the waiver provision in section 1464, subdivision (d), because the trial court would lack jurisdiction to exercise it, is erroneous. ■ Where the Legislature has explicitly granted the trial court "jurisdiction to mitigate a

state prison sentence *even after* execution of a sentence has commenced," the trial court necessarily retains the jurisdiction to do so. (*People v. Karaman* (1992) 4 Cal.4th 335, 351 [14 Cal.Rptr.2d 801, 842 P.2d 100].) ▇▇▇ Because section 1464, subdivision (d), by its terms, contemplates the mitigation of a defendant's sentence *after* execution of his sentence has begun, the trial court retains jurisdiction to waive the penalties so long as the defendant faces the specter of imprisonment for failing to pay a fine.

We now apply our construction of section 1464, subdivision (d) to this case. Defendant was not serving a sentence for failure to pay a fine at the time of sentencing. (See § 1464, subd. (d).) Indeed, the trial court had never imposed a term of imprisonment on defendant if he failed to pay the fine. (See § 1205, subd. (a).) Thus, at the time of sentencing, the trial court had no choice and had to impose state and county penalties in a statutorily determined amount on defendant. The erroneous omission of these penalties therefore "present[ed] a pure question of law with only *one* answer . . . ." (*Smith, supra,* 24 Cal.4th at p. 853.) Accordingly, we follow our lower courts and hold that the Court of Appeal properly corrected the trial court's omission of state and county penalties even though the People raised the issue for the first time on appeal. (See *People v. Stone* (1999) 75 Cal.App.4th 707, 717-718 [89 Cal.Rptr.2d 401] [appellate court may impose omitted state and county penalties]; *People v. Terrell* (1999) 69 Cal.App.4th 1246, 1256-1257 [82 Cal.Rptr.2d 231] [same]; *People v. Martinez, supra,* 65 Cal.App.4th at pp. 1521-1522 [same]; *People v. Heisler* (1987) 192 Cal.App.3d 504, 507 [237 Cal.Rptr. 452] [same].)

## DISPOSITION

We affirm the judgment of the Court of Appeal.

George, C. J., Kennard, J., Baxter, J., and Chin, J., concurred.

**WERDEGAR, J., Concurring.**—I agree with the majority that, because the state and county penalties were mandatory under a proper construction of Penal Code section 1464[1] and Government Code section 76000, the Court of Appeal did not err in correcting the trial court's omission of the penalties even though the People raised the issue for the first time on appeal. Accordingly, I join the majority in affirming the judgment of the Court of Appeal. In reaching that result, however, I differ with my colleagues on several points. As will appear, I believe that subdivision (d) of section 1464 (section 1464(d)) refers to a defendant who is subject to an order of conditional imprisonment pursuant to section 1205, subdivision (a).

---

[1] Unlabeled section references are to the Penal Code.

First, I disagree with the majority that "the language of section 1464, subdivision (d) appears clear" (maj. opn., *ante*, at p. 1154), such that " 'there is no need for construction [or] . . . resort to indicia of the intent of the Legislature' " (*ibid.*, quoting *Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299]). To the contrary, I agree with defendant that in permitting sentencing judges to waive state penalties "[i]n any case where a person convicted of any offense, to which [section 1464] applies, is *in prison until the fine is satisfied*," section 1464(d) is ambiguous. (Italics added.) Although on its face the phrase "in prison" *might* refer to a defendant who is "in the midst of serving" a prison term, as the majority says (maj. opn., *ante*, at p. 1155), when read in context it reasonably might also include circumstances in which a defendant has been *sentenced to prison* until the fine is satisfied, but has not actually been taken away and placed inside of a prison facility. Similarly, the phrase "until the fine is satisfied" might suggest the majority's gloss that the defendant is in prison "because he failed to pay a fine" (*ibid.*), but it might also refer to the defendant's being in prison *at the time a fine is to be paid*.

As section 1464(d) is ambiguous, we must in construing it consider indicia of legislative intent beyond its plain language. (*Hoechst Celanese Corp. v. Franchise Tax Bd.* (2001) 25 Cal.4th 508, 519 [106 Cal.Rptr.2d 548, 22 P.3d 324] [when a statute "is susceptible to more than one reasonable interpretation, then we look to 'extrinsic aids, including the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy, contemporaneous administrative construction, and the statutory scheme of which the statute is a part' "].) The majority impliedly concedes the point when it looks to section 1205, subdivision (a) for guidance in interpreting section 1464(d). (Maj. opn., *ante*, at p. 1155.) If section 1464(d) were unambiguous, no such guidance would be necessary.

Second, I cannot join in the construction of section 1464(d) on which the majority settles—viz., that the waiver provision "only applies if the defendant is in the midst of serving a term of imprisonment" (maj. opn., *ante*, at p. 1155). Although the majority's construction is perhaps literally faithful to that part of the statute that refers to a person who "is in prison," as the majority's own authority points out, "[l]iteral construction should not prevail if it is contrary to the legislative intent apparent in the statute" (*Lungren v. Deukmejian, supra*, 45 Cal.3d at p. 735). Here, it is apparent from the statutory language conferring waiver authority "[i]n any case" to which the section applies that the Legislature intended to confer waiver authority in a *class* of cases, not just at a specified time, i.e., when the defendant is physically in prison. (See maj. opn., *ante*, at p. 1156.)

The majority's construction of section 1464(d) leads to the absurd result that a judge may waive penalties only if the defendant already is actually

*inside of a prison*, but not otherwise. Thus, a judge may not waive penalties in the case of a defendant who is in court but, as a consequence of a sentence being imposed at that very proceeding and which includes both incarceration and a fine, *will be* "in prison until the fine is satisfied," even if the judge is persuaded that "the payment of [applicable penalties] would work a hardship on the person convicted or his or her immediate family" (§ 1464(d)). Such a limitation runs contrary to the obvious intent of the statute.

Moreover, the majority's construction imposes ludicrous inefficiencies on a sentencing judge's exercise of discretion to waive penalties under section 1464(d). Under the majority's construction, a defendant may not even seek a hardship waiver until "*after* execution of his sentence has begun" (maj. opn., *ante*, at p. 1157)—by what procedure the majority does not specify. The majority asserts that the trial court "necessarily retains the jurisdiction" to mitigate penalties "so long as the defendant faces the specter of imprisonment for failing to pay a fine" (*ibid.*, citing *People v. Karaman* (1992) 4 Cal.4th 335, 351 [14 Cal.Rptr.2d 801, 842 P.2d 100]), but I am not persuaded. *People v. Karaman* speaks only to a trial court's authority under the express terms of section 1170, subdivision (d) to recall a sentence and resentence the defendant within 120 days of the first day of commitment. (*Karaman*, *supra*, at p. 351.)

Third, the majority fails to avail itself of a more direct and sensible route to its result. As the majority points out, section 1205, subdivision (a) contains phraseology paralleling that in section 1464(d) and that also appeared in section 1464(d)'s precursor. (See maj. opn., *ante*, at pp. 1155-1156.) The two statutes, as the majority acknowledges, operate "in an analogous context" (*id.* at p. 1155).[2] The majority opines that the slightly greater linguistic similarity between section 1464(d)'s precursor and section 1205, subdivision (a) over that between the two statutes as they exist today "strongly suggests that the Legislature [formerly] intended to give this phrase the same meaning in both statutes" (maj. opn., *ante*, at p. 1156) but inexplicably changed its mind and, when enacting the current section 1464(d), "narrowed the scope of a judge's discretion to waive the penalties" (*id.* at p. 1156). As explained, I do not believe the legislative history demonstrates that the Legislature intended to hobble sentencing courts with a *requirement* that they first actually incarcerate, and then recall for resentencing, prisoners whose fees they desire to waive on hardship grounds.

A more reasonable construction of section 1464(d) is available. I submit that the Legislature, when authorizing a hardship waiver of penalties where

---

[2]Section 1464 concerns the imposition and management of state penalties on fines. Section 1205 concerns the imposition and management of fines. Section 1205, subdivision (a) provides, inter alia, that "[a] judgment that the defendant pay a fine, with or without other punishment, may also direct that he or she be imprisoned until the fine is satisfied . . . ."

the defendant is to be "in prison until the fine is satisfied" (§ 1464(d)), was referring to penalties based on fines imposed with a section 1205 direction that the defendant "be *imprisoned* until the fine is satisfied" (*id.*, subd. (a), italics added). Such an understanding would honor the statutory language by allowing waiver only when the court has sentenced the defendant to prison until payment of a fine, but would promote efficiency by allowing such waiver at the time of sentencing. It also would accord in commonsense fashion with recognized "judicial discretion to mitigate the defendant's prison sentence *prior* to commencement of execution of (or restraint by) that sentence." (*People v. Karaman, supra,* 4 Cal.4th at p. 350, original italics omitted, italics added.)

If a statute is amenable to alternative interpretations, the one that leads to the more reasonable result should be followed. (*Lungren v. Deukmejian, supra,* 45 Cal.3d at p. 735; *Metropolitan Water Dist. v. Adams* (1948) 32 Cal.2d 620, 630-631 [197 P.2d 543].) In this case, affirming on the ground that, in context, section 1464(d) evidently refers to penalties imposed on fines conditioned under section 1205, subdivision (a), rather than on the pretense that section 1464(d) is unambiguous, would reach the same result the majority reaches (on linguistically more defensible grounds), vindicate apparent legislative intent, and preserve commonsense efficiency in sentencing procedure.

In accordance with the foregoing, I would construe section 1464(d)'s phrase "is in prison until the fine is satisfied" to mean "is subject to an order of conditional imprisonment under section 1205, subdivision (a)." Because defendant's prison sentence in this case was not imposed under section 1205, subdivision (a), the trial court had no discretion to waive the penalties and the Court of Appeal did not err in imposing them as mandatory.

Moreno, J., concurred.