Filed 9/26/13  P. v. Nyland CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Calaveras)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JON L. NYLAND,<br><br>Defendant and Appellant. | C072923<br><br>(Super. Ct. Nos. 11F5198 &<br>12F5623) |

Appointed counsel for defendant Jon L. Nyland has asked this court to review the record to determine whether there exist any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  We will order a mandatory fee imposed as to each of his two cases and affirm the judgment as modified.

**BACKGROUND**

*Calaveras County Case No. 11F5198*

In the early morning hours of July 3, 2011, law enforcement officers observed defendant speeding and driving erratically.  The officers pulled their car behind him and activated their emergency lights; defendant sped off and then pulled into a parking lot. He got out of the vehicle and was met by Officer Chris Adams.

1

Defendant admitted to drinking seven beers within an hour of being stopped by Adams. Defendant failed a field sobriety test; his blood-alcohol content was later determined to be 0.15 percent. A search of defendant's car revealed three open bottles of hard liquor, 2.72 grams of methamphetamine and drug paraphernalia.

The following day, California Highway Patrol Officer D. Miller was sent to the scene of a single vehicle accident. Officer Miller arrived at the scene and found defendant sitting in a lawn chair next to the vehicle; defendant admitted to driving the vehicle. Defendant's blood-alcohol content was .23 percent.

Defendant was subsequently charged in case No. 11F5198 with possessing methamphetamine (Health & Saf. Code, § 11377, subd. (a)), possessing drug paraphernalia (Health & Saf. Code, § 11364, subd. (a)), two counts of driving under the influence (DUI) with three prior convictions for DUI (Veh. Code, §§ 23152, subd. (a) & 23550), two counts of driving with a blood-alcohol content at or above .08 percent, having three prior DUI convictions (Veh. Code, §§ 23152, subd. (b) & 23550), two counts of driving without a valid license (Veh. Code, § 12500, subd. (a)), and driving with an open alcoholic beverage container (Veh. Code, § 23226).

*Calaveras County Case No. 12F5623*

During the early morning hours on October 6, 2012, Calaveras County Sheriff's Department received a complaint regarding a physical altercation in a private residence. Outside the residence, the deputies saw the victim walking toward them from a neighbor's house.

As the victim approached them, the deputies noted dried blood on her neck and clothing. She told the deputies that defendant arrived at her home around 4:00 a.m. and began banging on the sliding glass door. The victim let defendant in, and defendant began yelling, "Where is he? Where is he?" Defendant then struck the victim in the head with a closed fist, then with a flashlight. The victim ran to the neighbor's for help; she was later taken to the hospital by ambulance. Defendant was ordered from the residence

at gunpoint.  In searching the home, deputies found a double barreled Remington shotgun and a Colt M-4 rifle, .22 caliber, along with several "handmade stabbing weapons."

Defendant was later charged in case No. 12F5198 with inflicting corporal injury on a cohabitant (Pen. Code, § 273.5, subd. (a)) and being a felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1)).  It was further alleged that defendant served a prior prison term pursuant to Penal Code section 667.5, subdivision (b).

*Resolution of Both Cases*

Defendant resolved both cases together by plea, pleading no contest to inflicting corporal injury on a cohabitant and admitted serving a prior prison term as well as no contest to driving with a blood-alcohol content at or above .08 percent, with three prior DUI convictions.  In exchange for his plea, the People agreed to dismiss the balance of the two charging documents.  Defendant agreed to serve an aggregate term of four years and eight months in state prison.

Defendant was sentenced in accordance with his plea.  The trial court ordered defendant to pay various fines and fees and awarded him eight days of custody credit in case No. 11F5198 and an additional 89 days in case No. 12F5623.

Defendant appeals; his request for a certificate of probable cause was denied.

## DISCUSSION

Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.)  Counsel advised defendant of his right to file a supplemental brief within 30 days of the date of filing of the opening brief.  30 days have passed and we have received no filing from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.  However, we conclude the judgment must be modified to include imposition of an omitted mandatory fee.

3

The trial court failed to orally impose the mandatory criminal facilities assessment (Gov. Code, § 70373) in the amount of $30 for each case, for a total of $60. This fee is likewise omitted from the abstracts of judgment. We shall modify the judgment to include the fee and direct the trial court to amend the abstracts of judgment accordingly. (See *People v. Talibdeen* (2002) 27 Cal.4th 1151, 1157.)

## DISPOSITION

The judgments in both cases are modified to impose a $30 court facilities assessment (Gov. Code, § 70373). As modified, the judgments are affirmed. The trial court is directed to prepare amended abstracts of judgment and forward certified copies to the Department of Corrections and Rehabilitation.


                                        DUARTE            , J.


We concur:


        BLEASE            , Acting P. J.


        HOCH            , J.


4