Filed 10/24/13  P. v. Braggs CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

| | |
|---|---|
| THE PEOPLE, | C073422 |
| Plaintiff and Respondent, | (Super. Ct. Nos SF120037A & SF122475A) |
| v. | |
| JAMAL DUPREE BRAGGS, | |
| Defendant and Appellant. | |

This is an appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  In April 2012 defendant forged a check.  He was charged in San Joaquin County case No. SF120037A with forgery in violation of Penal Code section 470, subdivision (d)[1] and receipt of stolen property in violation of section 496, subdivision (a).  It was further alleged that defendant served three prior prison terms, as described in section 667.5, subdivision (b) and was previously convicted of a serious felony (§§ 1170.12, subd. (b), 667, subd. (d)).

---

[1] Undesignated statutory references are to the Penal Code.

1

Defendant pled guilty to forgery. In exchange for his plea, imposition of sentence was suspended and defendant was ordered to serve five years of formal probation and pay various fines and fees. The remaining charges were dismissed and the enhancements stricken, in light of the plea agreement.

In August 2012 the People filed a petition alleging defendant violated his probation by failing to report to the probation department.

In December 2012 defendant was driving a vehicle in a dangerous and reckless manner. Law enforcement pursued defendant and directed him to stop. When defendant stopped the vehicle, he pushed the passengers out, including a child who was not yet one year old. Defendant was subsequently charged in San Joaquin County case No. SF122475A with felony child endangerment (§ 273a, subd. (a)), reckless driving (Veh. Code, § 23103), resisting a peace officer (§ 148), and driving without a license (Veh. Code, § 12500, subd. (a)).

Defendant pled guilty to child endangerment. He also admitted violating his probation in case No. SF120037A. In exchange for his plea and admission, the People agreed to a four-year prison term on the conviction for child endangerment and that he would serve his 16-month prison sentence in case No. SF120037A concurrently. The remaining charges in case No. SF122475A were dismissed in the interest of justice and an unrelated matter, San Joaquin County case No. SM280914A, also was dismissed. Defendant was sentenced in accordance with his plea and the court ordered him to pay various fines and fees.

Defendant appeals. The trial court denied defendant's request for a certificate of probable cause. (§ 1237.5.)

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d

2

436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the filing of the opening brief.

Defendant filed a supplemental brief in which he raises several claims that he was dissatisfied with trial counsel. He claims trial counsel refused to give the trial court a letter wherein defendant asked for help with his drug addiction, along with "paperwork [he] had from the parole department." He also claims counsel never gave him a satisfactory explanation on why he was charged with felony child endangerment when the child he pushed out of the car was not actually injured. To the extent this is a claim for ineffective assistance of counsel, we reject the claim. Based on our review of the record, ineffective assistance of counsel is not established. (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688, 691-692 [80 L.Ed.2d 674, 693-694, 696-697]; *People v. Ledesma* (1987) 43 Cal.3d 171, 216-218.)

Defendant also claims he was "pressured" into a plea agreement. Defendant's claim is not properly before this court. Defendant's request for a certificate of probable cause was denied. Therefore, he cannot challenge the validity of his plea agreement on this appeal. (§1237.5.)

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant. However, we conclude the judgment must be modified to include imposition of an omitted mandatory fee.

The trial court failed to orally impose the mandatory criminal facilities assessment (Gov. Code, § 70373) in the amount of $30 in case No. SF120037A. This fee is likewise omitted from the abstract of judgment. We shall modify the judgment to include the fee and direct the trial court to amend the abstract of judgment accordingly. (See *People v. Talibdeen* (2002) 27 Cal.4th 1151, 1157.)

DISPOSITION

The judgment in San Joaquin County case No. SF120037A is modified to impose a $30 court facilities assessment (Gov. Code, § 70373). As modified, the judgment is

3

affirmed.  The trial court is directed to prepare an amended abstract of judgment and forward certified copies to the Department of Corrections and Rehabilitation.

The judgment in San Joaquin County case No. SF122475A is affirmed.


    BLEASE    , Acting P. J.


We concur:


    BUTZ    , J.


    MURRAY    , J.

4