Filed 11/20/13  P. v. Jackson CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>AL TYRONE JACKSON,<br><br>    Defendant and Appellant. | B247172<br><br>(Los Angeles County<br>Super. Ct. No. MA054935) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Richard E. Naranjo, Judge.  Affirmed as modified with directions.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews and David E. Madeo, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Al Tyrone Jackson (defendant) appeals from the judgment entered upon his plea of no contest to possession of cocaine. He challenges a $10 fee surcharge and mandatory penalty assessments totaling $140 which were not orally pronounced by the court at sentencing or itemized properly in the abstract of judgment. Defendant asks that they be stricken. Respondent requests that we modify the judgment to include the penalty assessments and surcharge and that we order the trial court to issue an amended abstract of judgment. We deny defendant's request to strike the assessments and a surcharge and instead order an amended abstract of judgment. We affirm the judgment as modified.

## BACKGROUND

After defendant's jury trial ended in a mistrial an amended information was filed, charging defendant in count 1 with felony possession of cocaine in violation of Health and Safety Code section 11350, subdivision (a), as well as three misdemeanor drug charges. In addition, the amended information alleged that defendant had suffered two prior convictions within the meaning of the "Three Strikes" law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)),[1] which made him ineligible for local custody pursuant to section 1170, subdivision (h)(3). The amended information further alleged that defendant had suffered four prior convictions for which he had served prison terms within the meaning of section 667.5, subdivision (b).

On February 5, 2013, defendant entered into a plea agreement under which he pled no contest to count 1 and admitted one prior conviction in exchange for a sentence of 32 months in prison with 824 days of presentence custody credit. The trial court informed defendant that he would be ordered to pay a $600 parole revocation fine, a $40 court security fee, a $30 criminal conviction/facilities assessment fee, a $50 lab fee, and a $600 victim restitution fine. The trial court then sentenced defendant as agreed to the low term of 16 months in prison, doubled to 32 months as a second strike, dismissed the misdemeanor counts, and awarded 824 days of presentence custody credits.

---

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

2

The minutes of the sentencing hearing listed the fines and fees orally imposed by the trial court, and added the statutory authority for each, as follows: $40 court operations assessment (the "court security fee"), section 1465.8, subdivision (a)(1); $30 criminal conviction assessment (Gov. Code, § 70373); $50 crime laboratory analysis fee (the "lab fee") (Health & Saf. Code, § 11372.5); $600 restitution fine (§ 1202.4, subd. (b)); and $600 parole revocation restitution fine (§ 1202.45) stayed pending successful completion of parole. The minutes also states: "The defendant is ordered to pay penalty assessment in the amount of $140.00 pursuant to Health and Safety Code 11372.5, plus a criminal surcharge of $10.00 pursuant to Penal Code section 1465.7."

The abstract of judgment contains preprinted boxes next to various fines and fees, along with the statutory authority for each. The boxes corresponding to the trial court's orally pronounced fees and fines have been checked, but there were no boxes for penalty assessments relating to Health and Safety Code 11372.5 or a criminal surcharge under Penal Code section 1465.7. Added on line 8, labeled "Other orders (*specify*)," is the following notation: "Pay $140.00 penalty assessment/plus $10.00 criminal surcharge." No statutory authority is stated.

Defendant filed a timely notice of appeal from the judgment.[2]

## DISCUSSION

Defendant contends that the penalty assessment of $140 and the $10 surcharge must be stricken from the abstract of judgment because the trial court did not orally impose these items and the abstract of judgment fails to identify the statutory authority for them.

Although no statutory authority appears in the abstract of judgment for the challenged items, the minutes reflect that the $10 surcharge was imposed under section 1465.7, subdivision (a), as mandated by that section, and that the $140 was imposed

---

[2] Defendant did not obtain a certificate of probable cause in the trial court, and we denied his application to request a belated certificate. Thus only postplea claims that do not affect the validity of the plea are presented and considered here. (See *People v. Buttram* (2003) 30 Cal.4th 773, 780; § 1237.5.)

pursuant to Health and Safety Code section 11372.5. The reference to Health and Safety Code section 11372.5 was apparently the clerk's shorthand for the total amount of $140 in penalty assessments triggered by the $50 laboratory analysis fee orally imposed by the court as a lab fee. At the time defendant committed his crime on December 22, 2011, the statutorily mandated penalty assessments were as follows: $50 for a state penalty under section 1464, subdivision (a)(1); $35 for a county penalty pursuant to Government Code section 76000, subdivision (a)(1); $25 for a state court construction penalty pursuant to Government Code section 70372, subdivision (a)(1); $10 for an emergency medical services penalty pursuant to Government Code section 76000.5, subdivision (a)(1); $5 for a DNA penalty pursuant to Government Code section 76104.6, subdivision (a)(1); and $15 for a state-only DNA penalty pursuant to former Government Code section 76104.7, subdivision (a).

We agree the trial court should have specified the statutory basis for the surcharge and the penalty assessments and that they must be set forth on the abstract of judgment (*People v. High* (2004) 119 Cal.App.4th 1192, 1200), however we disagree with defendant's suggestion that the appropriate remedy for the court's failure to do so is to strike the amounts *permanently* from the judgment. Since defendant's plea bargain did not include a particular amount or call for the omission of the required penalty assessments and surcharge, and the amounts in question are insignificant, the trial court was not required to advise defendant that they would be imposed. (See *People v. Turner* (2002) 96 Cal.App.4th 1409, 1413-1414.) As the penalties and surcharge are mandatory by statute they may be corrected or assessed for the first time on appeal in the absence of an oral pronouncement. (*People v. Talibdeen* (2002) 27 Cal.4th 1151, 1153-1154.)

We thus grant respondent's request that we correct the judgment by itemizing the penalty assessments and surcharge with statutory references, and that we order the trial court to issue an amended abstract of judgment itemizing the fines, fees, penalty assessments and surcharge, as well as the statutory authority for each.

4

## DISPOSITION

The judgment is modified to add the itemization of the components of the $140 stated in the minutes as imposed pursuant to Health and Safety Code section 11372.5, as follows:  $50 is imposed under section 1464, subdivision (a)(1); $35 is imposed pursuant to Government Code section 76000, subdivision (a)(1); $25 is imposed pursuant to Government Code section 70372, subdivision (a)(1); $10 is imposed pursuant to Government Code section 76000.5, subdivision (a)(1); $5 is imposed pursuant to Government Code section 76104.6, subdivision (a)(1); and $15 is imposed pursuant to former Government Code section 76104.7, subdivision (a).  The $10 surcharge required under section 1465.7, subdivision (a), is imposed as reflected in the minutes and no change is made to the remaining fines, assessments, and fees.  As so modified and in all other respects, the judgment is affirmed.  The trial court is directed to prepare an amended abstract of judgment showing the modifications, including the statutory authorization for each item, and to forward a certified copy to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
CHAVEZ

We concur:


_____, Acting P. J.
ASHMANN-GERST


_____, J.*
FERNS


_____

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.