Filed 10/29/14  P. v. Bailey CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ROBERT BAILEY,<br><br>Defendant and Appellant. | C073741<br><br>(Super. Ct. No. 12F06503) |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we modify the judgment to include mandatory fees, order corrections to the abstract, and affirm the judgment as modified.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

**FACTUAL AND PROCEDURAL BACKGROUND**

On September 26, 2012, at about 9:00 p.m., defendant Robert Bailey was approached by two Sacramento County Sheriff's Department deputies.  Defendant

1

initially conversed with the deputies but eventually fled from them.  The deputies pursued defendant to a nearby parking lot, where defendant entered an occupied vehicle and tried to make the driver drive off with him in the car.  The deputies apprehended defendant before he could escape.  A search of another vehicle defendant had been in produced a loaded firearm and 1.08 grams of methamphetamine.  Defendant has a prior conviction for residential burglary.

Defendant pleaded no contest to attempted carjacking (Pen. Code, §§ 664/215), felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1)), and possession of methamphetamine (Health & Saf. Code, § 11377), and admitted a prior strike (Pen. Code, §§ 1170.12, 667, subds. (b)-(i)).  The trial court imposed a stipulated term of seven years eight months in state prison, imposed various fines and fees, and awarded 344 days presentence credit (172 actual and 172 conduct).

Defendant appeals.  He did not obtain a certificate of probable cause.

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal.  (*Wende, supra,* 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.

### WENDE REVIEW

There are errors in the imposition of mandatory fees and in the abstract.  The trial court failed to impose the mandatory $40 per offense court security fee on each count (Pen. Code, § 1465.8), and the mandatory $30 per offense court facilities fee on each count (Gov. Code, § 70373).  Because the fees are mandatory, they are subject to imposition on appeal even if the prosecutor failed to object in the trial court.  (*People v. Talibdeen* (2002) 27 Cal.4th 1151, 1157.)  We shall modify the judgment accordingly.

2

The trial court imposed a $50 lab fee (Health & Saf. Code, § 11372.5) and a $150 drug program fee (Health & Saf. Code, § 11372.7), but neither fee is included in the abstract. We direct the trial court to prepare an amended abstract to reflect these fees as well as the mandatory fees.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is modified to order defendant to pay a $40 per offense court security fee on each count (Pen. Code, § 1465.8) for a total of $120, and a $30 per offense court facilities fee (Gov. Code, § 70373) for a total of $90. As modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment including the court security fee, the court facilities fee, and the previously imposed lab and drug program fees. The court shall forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

                                                          MURRAY                , J.


We concur:


        NICHOLSON        , Acting P. J.


        MAURO            , J.


3