Filed 12/16/14  P. v. Romancorrea CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059568 |
| v. | (Super.Ct.No. RIF1210548) |
| ANTONIO ROMANCORREA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Thomas E. Kelly, Judge. (Retired judge of the Santa Cruz Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed in part; reversed in part and remanded with directions.

Neil Auwarter, under appointment by the Court of Appeal, for Defendant and Appellant.

1

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Kimberley A. Donohue, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Antonio Romancorrea pled guilty to five counts of lewd acts with a minor under the age of 14 years. (Pen. Code, § 288, subd. (b)(1).) The trial court sentenced defendant to an aggregate determinate term of 50 years in state prison, comprised of 10 years for each count, to run consecutively. It also imposed various fees and fines.

On appeal,[1] defendant contends the court lacked jurisdiction to increase the amount of certain fines from what was orally pronounced at the sentencing hearing, and also lacked jurisdiction to impose fees on the abstract of judgment that were not orally pronounced by the court. The People concede the amount of the fines could not be increased but contend the court properly imposed the mandatory booking fee. The People also request modification of the abstract of judgment to correct a clerical error. We affirm the judgment in part, reverse in part, and remand for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

At the sentencing hearing, the trial court orally imposed a conviction restitution fine of $1,000, or $200 for each count (Pen. Code, § 1202.4), imposed and stayed a

---

[1] Defendant attempted to appeal on grounds that would affect the validity of his plea, but the trial court denied his request for a certificate of probable cause. Defendant responded by filing an amended notice of appeal and indicated he would challenge only matters not affecting the plea.

$1,000 parole revocation restitution fine, required to be in the same amount as the conviction restitution fine (Pen. Code, § 1202.45), and imposed a court facilities, criminal conviction assessment of $150, or $30 for each count (Gov. Code, § 70373).[2] However, approximately one week after the sentencing hearing, the trial court issued a minute order that increased the two restitution fines to $5,000 each. The minute order from the sentencing hearing and the abstract of judgment both reflect a criminal conviction assessment fee of $120, not $150, and both of these documents also show the parole revocation restitution fine as being imposed in the amount of $5,000 rather than $1,000. As to the stayed conviction restitution fine, the sentencing minute order indicates an amount of $50, while the abstract of judgment indicates defendant is to pay $5,000. Finally, the sentencing minute order and the abstract of judgment both include a $450.34 booking fee (Gov. Code, § 29550), even though the court made no mention of such a fee at sentencing.

Defendant challenges the trial court's attempt to increase the restitution fees and to add a booking fee. The People concede that the trial court could not increase the restitution fees from what it had originally ordered, but contend the court properly imposed the mandatory booking fee. Further, the People request modification of the abstract of judgment to correct a clerical error of the amount of the $150 criminal

_____

[2] All further statutory references are to the Government Code, unless otherwise indicated.

3

assessment fee pursuant to section 70373.  Defendant concedes the latter point in his reply brief.

ANALYSIS

Three fees are at issue in this appeal.  We agree that there are problems in each of these areas, which we separately discuss below for clarity.

### 1. Amount of restitution fines

As indicated *ante*, the People concede that the trial court could not increase the amount of either restitution fine in a minute order created after the sentencing hearing.  This is because "[t]he record of the oral pronouncement of the court controls over the clerk's minute order."  (*People v. Farell* (2002) 28 Cal.4th 381, 384, fn. 2 (*Farell*).)  Because the court orally announced that defendant was to pay $1,000 for each of the restitution fines, the court lacked the ability to increase those amounts to $5,000.  We therefore direct the superior court to amend the sentencing minute order and abstract of judgment to correctly reflect the oral pronouncement of the judgment relating to the $1,000 restitution fines.

### 2. Imposition and amount of a booking fee

The trial court imposed no booking fee at the sentencing hearing.  The People contend a fee may nonetheless be imposed because the court is not prohibited from later adding mandatory fees.  (*People v. Talibdeen* (2002) 27 Cal.4th 1151, 1157; *People v. Voit* (2011) 200 Cal.App.4th 1353, 1373.)  Defendant concedes the court has the authority to add mandatory fees, but contends the record on appeal does not show that the

fee at issue here was mandatory, and that no evidence supports the amount of the fee the court did imposed.

Resolution of this dispute requires us to examine the statutory scheme governing booking fees.

Sections 29550, 29550.1, and 29550.2 govern fees for processing, or "booking," arrested persons into a county jail. To a certain extent, the fees vary depending on the identity of the arresting agency and the eventual disposition of the person arrested.

Arrests made by an agent of a city or college, "or other local arresting agency" are governed by sections 29550, subdivision (a)(1), and 29550.1. Under section 29550, subdivision (a)(1), the county "may" charge the local arresting agency a booking fee. When it does so, the arresting agency, provided it qualifies as a city or one of the other entities described in subdivision (a) of section 29550.1, "is entitled to recover any criminal justice administration fee imposed by a county from the arrested person if the person is convicted of any criminal offense related to the arrest." (§ 29550.1.) Together, these provisions seem to indicate that a county has discretion regarding whether to demand a fee from a city or other local agency, but that, if it does impose such a requirement, the court must order reimbursement of the amount actually imposed. In addition, "[t]he court *shall*, as a condition of probation, order the convicted person to reimburse the [local agency]." (§ 29550.1, italics added.) Section 29550.1 contains no requirement that the court consider the defendant's ability to pay.

Arrests made by a county agent or officer are governed by section 29550, subdivision (c). Under this provision, if the person is convicted of a crime related to the arrest, the county is entitled to recover a booking fee from the arrestee, but the fee may not exceed the county's actual administrative costs, including "applicable overhead costs incurred in booking or otherwise processing arrested persons." (§ 29550, subd. (c).) As is also true of section 29550.1, the ability to pay is not mentioned in subdivision (c) of section 29550.

Section 29550, subdivision (d)(1) and (2), specify what a court is to do when it has been notified that the county is entitled to a booking fee. Under subdivision (d)(1), the judgment of conviction "may" include an order imposing the booking fee. However, under subdivision (d)(2), if the person convicted is granted probation, the fee becomes mandatory, although subject to a finding of an ability to pay: "The court *shall*, as a condition of probation, order the convicted person, *based on his or her ability to pay*, to reimburse the county for the . . . fee." (§ 29550, subd. (d)(2), italics added.)

Finally, arrests made by "any governmental entity not specified in Section 29550 or 29550.1" are governed by section 29550.2, subdivision (a). In general, with one subtle difference, the language of this provision is consistent with the language of the others. The difference is that, under section 29550.2, all convicted persons—those sent to prison as well as those granted probation—are subject to a mandatory booking fee conditioned upon their ability to pay. The county may be entitled to recover a booking fee, but whether it can get an order for the fee depends on the arrestee's financial condition.

6

(§ 29550.2, subd. (a) [judgment to include order for payment of booking costs, "[i]f the [arrested] person has the ability to pay"].)

In this case, the People insist that defendant was arrested by the Riverside Police Department and is therefore subject to section 29550.1, which is phrased in mandatory language. However, the only evidence they offer to prove this contested fact is the notation in the upper right-hand corner of the complaint against defendant that the arresting agency was "P12150797/RPD." In the absence of some evidence of what this alphanumeric code signifies, we are hard-pressed to ascertain what agency performed the arrest. Because the record on appeal does not clearly indicate what agency executed the arrest and booking of defendant, we cannot know whether the fee is mandatory pursuant to sections 29550.1 or 29550, subdivision (c), or whether it is discretionary under subdivisions (a) and (d)(1) of section 29550.[3]

In addition, we cannot know in what amount a booking fee is authorized, if one was authorized at all. Section 29550.1 contains no language limiting the amount of the fees it authorizes to a city or similar body's actual expenditures. In contrast, subdivisions (a) and (c) of section 29550 and subdivision (a) of section 29550.2 all prevent the trial court from imposing a booking fee that "exceed[s] the actual administrative costs . . . in booking or otherwise processing arrested persons." Even if section 29550.1 governs, that

_____

[3] Defendant did not receive probation. He therefore cannot be subjected to a mandatory booking fee under the portions of sections 29550.1 and 29550, subdivision (d)(2).

7

statute only allows the trial court to order the defendant to reimburse a city or similar local agency for "any criminal justice administration fee imposed by a county." The record on appeal contains no evidence of what this amount, if any, might be.

Finally, if we cannot discern what agency arrested and booked defendant, we cannot know whether the trial court was obligated to consider his ability to pay. As we have set forth, section 29550.2 imposes an ability to pay requirement, while sections 29550.1 and 29550, subdivisions (c) and (d)(1), do not.

For these reasons, we will reverse the judgment with respect to the booking fee. On remand, the trial court will determine what entity arrested defendant and which of the above-discussed Government Code sections apply. If a booking fee is discretionary, the trial court will exercise its judgment as to whether defendant should have to pay this type of fee and, if so, in what amount. If a booking fee is instead mandatory, the trial court is to impose one in an amount that is substantiated by evidence in the record. In making this decision, the trial court is to conduct an inquiry into defendant's ability to pay if one is required by the statute that governs based on the trial court's findings regarding the arresting agency. The trial court may conduct whatever proceedings are necessary to accomplish these tasks and make these decisions.

### 3. Amount of criminal conviction assessment

The record reflects, and defendant concedes, that the trial court announced an oral criminal conviction assessment of $150 total, but that the sentencing minute order and the abstract of judgment both impose a total assessment of only $120. We have the inherent

power to correct clerical errors to make records reflect the true facts.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)  As discussed *ante*, the judgment consists of the court's oral pronouncement at the sentencing hearing, not of what a later written recordation might indicate.  (*Farell*, *supra*, 28 Cal.4th at p. 384, fn. 2.)  Therefore, we direct the superior court to amend the sentencing minute order and the abstract of judgment to correctly reflect the orally pronounced judgment and impose the criminal conviction assessment in the sum of $150.

DISPOSITION

The amounts of the restitution fines, the omission of a booking fee, and the total amount of the criminal conviction assessments are reversed.  The superior court is directed to set the restitution fines at $1,000 each; to determine whether and in what amount to impose a booking fee, as discussed *ante*; and to increase the criminal conviction assessment from $120 to $150.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
_____
P. J.

We concur:

McKINSTER
_____
J.

MILLER
_____
J.

9