Filed 11/2/15  P. v Hernandez CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C077902 |
| Plaintiff and Respondent, | (Super. Ct. No. CM041579) |
| v. | |
| JOSEPH GRANT HERNANDEZ, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Joseph Grant Hernandez has asked this court to review the record to determine whether there exist any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  We will order mandatory fees imposed for both defendant's convictions and affirm the judgment as modified.

FACTS AND PROCEEDINGS

On August 14, 2014, a Butte County Sheriff's Deputy saw a vehicle fail to stop at a stop sign and stopped the vehicle.  Defendant was a passenger in the vehicle; he told the

1

deputy that he was on probation in another county. The deputy confirmed defendant's probationary status before defendant told the deputy he had " 'some stuff' in his pocket and a firearm in his backpack, which was on the front passenger floorboard."

The deputy searched defendant and, in defendant's pocket, found two pills of "Dilaudid" and 0.1 gram of heroin. The deputy also found two pieces of tin foil with "residue" on them in defendant's pocket, a Xanax pill inside the brim of defendant's hat, and a .357 revolver in defendant's backpack. Defendant was arrested; he later admitted he was a felon.

The People later charged defendant with several felonies. Defendant pleaded no contest to possession of heroin (Health & Saf. Code, § 11350, subd. (a)), and possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1)). In exchange for defendant's plea, the People moved to dismiss the remaining charges and allegations with a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754. The trial court granted the People's motion and sentenced defendant to an aggregate term of two years eight months in state prison.

The trial court ordered defendant to pay various fines and fees, including a $40 court operations assessment (Pen. Code, § 1465.8) and a $30 criminal conviction assessment (Gov. Code, § 70373). The court also awarded defendant 112 days of custody credit. Defendant appeals without a certificate of probable cause.

After filing his notice of appeal, defendant petitioned the trial court to recall the sentence imposed on his conviction for possession of heroin pursuant to Penal Code section 1170.18. On February 4, 2015, the trial court recalled defendant's sentence. Then, on February 11, 2015, the court struck the February 4, 2015, order and ruled the sentence imposed on October 8, 2014, "stands."

DISCUSSION

Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.)  Counsel advised defendant of his right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days have elapsed and we have received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.  However, we conclude the judgment must be modified to include imposition of an omitted mandatory fee.

The trial court erred in imposing a single mandatory criminal facilities assessment (Gov. Code, § 70373) in the amount of $30, rather than one for each conviction, for a total of $60.  The court similarly erred in imposing a single mandatory court operations assessment (Pen. Code, § 1465.8) in the amount of $40, rather than one for each conviction, for a total of $80.  These fees are likewise omitted from the abstract of judgment.  We shall modify the judgment to include the appropriate fees and direct the trial court to amend the abstract of judgment accordingly.  (See *People v. Talibdeen* (2002) 27 Cal.4th 1151, 1157.)

DISPOSITION

The judgment is modified to impose a total $60 court facilities assessment (Gov. Code, § 70373) and a total $80 court operations assessment (Pen. Code, § 1465.8). As modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.

        HULL        , J.

We concur:

     RAYE      , P. J.

     BUTZ      , J.