Filed 3/16/21  P. v. Borihanh CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Colusa)

----

| | |
|---|---|
| THE PEOPLE, | C083602 |
| Plaintiff and Respondent, | (Super. Ct. No. CR57142) |
| v. | |
| PHOUVONG VONG BORIHANH, | |
| Defendant and Appellant. | |

This case originally came to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436. Thereafter, defendant filed a supplemental brief contending that the trial court violated his due process rights by imposing the court operations assessment, criminal conviction assessment and restitution fine without a hearing as to his ability to pay and requesting that those assessments and fine be stricken.

We affirm.

1

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant Phouvong Vong Borihanh, was charged with felony conspiracy to commit a crime and was released from custody on his own recognizance.  The trial court ordered him to appear on August 12, 2015.  He failed to appear.

An amended complaint charged defendant with felony failure to appear  (Pen. Code, § 1320, subd. (b)), and defendant pleaded no contest to that charge.  The trial court sentenced defendant to the midterm of two years.  The trial court also awarded defendant 52 days of custody credit and ordered him to pay a $300 restitution fine, and imposed mandatory fines, fees and penalty assessments.

## DISCUSSION

Defendant principally relies on *People v. Dueñas* (2019) 30 Cal.App.5th 1157. We join the courts concluding *Dueñas* was wrongly decided and hold that defendant was not entitled to an ability to pay hearing.  (*People v. Cota* (2020) 45 Cal.App.5th 786, 794-795; *People v. Kingston* (2019) 41 Cal.App.5th 272, 279; *People v. Hicks* (2019) 40 Cal.App.5th 320, review granted November 26, 2019, S258946; *People v. Aviles* (2019) 39 Cal.App.5th 1055; *People v. Caceres* (2019) 39 Cal.App.5th 917, 923-929.)  We therefore reject the contention.

Additionally, we note the trial court failed to impose and stay a mandatory $300 parole revocation restitution fine under Penal Code section 1202.45.  We are able to modify the judgment on appeal with respect to mandatory impositions (*People v. Talibdeen* (2002) 27 Cal.4th 1151, 1157), so we shall order imposition of that mandatory fine erroneously not imposed by the trial court.

## DISPOSITION

The judgment is modified to include a $300 parole revocation restitution fine pursuant to Penal Code section 1202.45, which shall be suspended unless defendant violates parole.  As modified, the judgment is affirmed.  The clerk of the trial court is

directed to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.

/s/
MURRAY, J.

We concur:

/s/
RAYE, P. J.

/s/
RENNER, J.