[No. B055019. Second Dist., Div. Six. Jan. 7, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
ANGEL ANTHONY RENTERIA, Defendant and Appellant.

**COUNSEL**

Bronwen M. Armstrong, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Acting Assistant Attorney General, John R. Gorey and Robert David Breton, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

YEGAN, J.—Angel Anthony Renteria was convicted by plea of nolo contendere to assault with a firearm (Pen. Code, § 245, subd. (a)(2)) and two counts of false imprisonment (Pen. Code, § 236). Prior thereto, he unsuccessfully brought a motion pursuant to Penal Code section 1538.5. He was sentenced to state prison for four years and four months. He appeals contending: "The judgment must be reversed because the trial court erred in denying appellant's 1538.5 motion." Specifically, appellant claims that ". . . [t]he investigative stop by Officer Boulais was improper because he lacked the specific and articulable facts required to stop appellant's truck." We disagree and affirm the judgment.

We view the evidence in the light most favorable to the order denying suppression which is required by the familiar rule governing appellate review. (*People* v. *Williams* (1988) 45 Cal.3d 1268, 1301 [248 Cal.Rptr. 834, 756 P.2d 221].) Our recitation of the evidence includes reasonable factual inferences drawn by the superior court sitting as trier of fact. (*People* v. *Lawler* (1973) 9 Cal.3d 156, 160 (107 Cal.Rptr. 13, 507 P.2d 621].) Between 9 and 10 p. m. on August 2, 1990, two men armed with firearms and wearing nylon stockings over their faces, committed a brutal robbery at the Garcia residence in Nipomo. The robbers fled in a vehicle with at least $4,000 in cash and Garcia's .357-caliber Smith and Wesson pistol. Mr. Garcia reported the robbery to the police at 9:55 p.m. He advised that he recognized one of the robbers as a "gang member" who lived in Santa Maria and who went by the name, "Block."

"Block" was known to the Santa Maria Police Department. His real name was Rudy Valles, appellant's codefendant herein. Valles's penchant for

firearms and violence was well documented. Police officers immediately did a "stake out" of his house. Around midnight, officer Andre Boulais saw a truck driven by appellant, with Valles as his passenger, pull into the driveway. Valles got out of the truck and walked back and forth between the truck and garage and backyard. Valles appeared nervous. At one point, Valles appeared to be hiding something. He gave the concealed object to appellant just before appellant drove away.

Officer Boulais followed appellant to his grandmother's house. As appellant pulled into the driveway, Boulais activated his red lights. Appellant got out of the truck and was detained by Boulais for investigation of the Garcia robbery. Boulais believed that appellant and Valles had committed the robbery and that appellant had a gun either on his person or in the truck. Because appellant had locked the truck doors with the keys still in the ignition, the police obtained another key to the truck from its owner, Mr. Abrams, appellant's stepfather. They discovered clothing and a gun used in the Garcia robbery, and Garcia's .357-caliber Smith and Wesson pistol in the truck.

" '[I]n order to justify an investigative stop or detention the circumstances known or apparent to the officer must include specific and articulable facts causing him to suspect that (1) some activity relating to crime has taken place or is occurring or about to occur, and (2) the person he intends to stop or detain is involved in that activity. Not only must he subjectively entertain such a suspicion, but it must be objectively reasonable for him to do so: the facts must be such as would cause any reasonable police officer in a like position, drawing when appropriate on his training and experience [citation], to suspect the same criminal activity and the same involvement by the person in question. The corollary to this rule, of course, is that an investigative stop or detention predicated on mere curiosity, rumor, or hunch is unlawful, even though the officer may be acting in complete good faith. [Citations.]' " (*In re James D.* (1987) 43 Cal.3d 903, 914 [239 Cal.Rptr. 663, 741 P.2d 161]; cf. *Scott* v. *United States* (1978) 436 U.S. 128, 138 [56 L.Ed.2d 168, 178, 98 S.Ct. 1717].)

Measured against the aforementioned rules, appellant's detention did not violate any constitutional restraint. Here the detaining officer knew that: (1) an armed robbery had been committed approximately two hours before, (2) it takes time to drive from Nipomo to Santa Maria, (3) the victim had identified Valles as one of the robbers, (4) Valles has a police record for violence, (5) appellant had just dropped Valles off at his home and, (6) Valles had given appellant an object which Valles tried to conceal.

Contrary to appellant's subsidiary claim, this detention was not based upon an impermissible "hunch" or "mere" association with someone the

police had probable cause to arrest. It was not impermissible for the police to place significance on the fact that appellant was with Valles shortly after the robbery. Police officers are not supposed to wear "horse blinders." In fact "[e]xperienced police officers naturally develop an ability to perceive the unusual and suspicious which is of enormous value in the difficult task of protecting the security and safety of law-abiding citizens." (*People* v. *Cowman* (1963) 223 Cal.App.2d 109, 117 [35 Cal.Rptr. 528].) Appellant was with Valles so close in time after the robbery that a reasonable police officer would entertain the objectively reasonable suspicion that he was the second robber.

Of course, from the detaining officer's viewpoint, it could have been possible that another of Valles's companions assisted him in the robbery, that these two had split up, and that appellant, with no knowledge of the robbery, innocently drove Valles home. ■ "The possibility of an innocent explanation does not deprive the officer of the capacity to entertain a reasonable suspicion of criminal conduct." (*In re Tony C.* (1978) 21 Cal.3d 888, 894 [148 Cal.Rptr. 366, 582 P.2d 957].) The suppression motion was properly denied.

The judgment is affirmed.

Stone (S. J.), P. J., and Gilbert, J., concurred.

A petition for a rehearing was denied January 29, 1992.