[No. B069527. Second Dist., Div. Six. Apr. 6, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
DONALD LYNN ELLIS, Defendant and Appellant.

COUNSEL

Lauri K. Brown, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Acting Assistant Attorney General, William T. Harter and Douglas Sortino, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

YEGAN. J.—Donald Lynn Ellis appeals from the judgment entered following his plea of guilty to driving a motor vehicle with a blood-alcohol level of

more than .08 percent with five prior convictions of driving a motor vehicle under the influence (Veh. Code, §§ 23152, subd. (b), 23175) and his admission of a prior felony conviction for which he served a separate prison term (Pen. Code, § 667.5, subd. (b)). Prior thereto, he unsuccessfully brought a suppression motion pursuant to Penal Code section 1538.5. He contends: "The suppression motion should have been granted because the detention was improper."

"We view the evidence in the light most favorable to the order denying suppression which is required by the familiar rule governing appellate review. [Citation.]" (*People* v. *Renteria* (1992) 2 Cal.App.4th 440, 442 [2 Cal.Rptr.2d 925].) At approximately 2 a.m. on June 13, 1992, Port Hueneme Police Officer Steven Hart was on routine patrol when he saw appellant driving a Jeep Cherokee in a commercial parking lot, near a USA gas station, adjacent to Ventura Road. The jeep's headlamps were not turned on. Hart used his overhead red lights to attract appellant's attention to effect ". . . a traffic stop to tell the subject to turn on his lights."

When Hart asked appellant for his driver's license, appellant replied that he did not have one. Hart noticed that appellant's breath smelled of alcohol, his eyes were bloodshot and watery and his speech was slurred. Hart asked appellant to step out of his vehicle and appellant said: "You have got me. Go ahead and take me in." When Hart asked appellant why he should be arrested, appellant answered: "Because I am drunk." After administering field sobriety tests and forming the opinion that appellant was under the influence of alcohol, Hart arrested appellant. Appellant's blood-alcohol level was subsequently determined to be .24 percent.

Appellant moved to suppress the evidence of his intoxication, arguing that Hart illegally detained him. His theory was that driving without headlamps in violation of Vehicle Code section 24400 is not one of the provisions of the Vehicle Code which can be enforced in privately owned parking lots pursuant to Vehicle Code section 21107.8.[1] Appellant's counsel pointed out that there had been no showing of a sign or an ordinance.

The prosecutor responded: "[A]ssuming that counsel's argument is correct, and that is not something that the officer could cite for, . . . Nevertheless, I think that the officer certainly had rational suspicion to stop the

[1]Vehicle Code section 21107.8 permits the enforcement in privately owned parking lots, after enactment of appropriate local legislation and the posting of notice, of certain Vehicle Code statutes which specifically refer to conduct on the highway. The statutes which can be so enforced relate to the basic speed law (Veh. Code, § 22350), reckless driving (Veh. Code, § 23103), speed contests (Veh. Code, § 23109), and off-highway vehicles (Veh. Code, § 38000 et seq.).

defendant, at a minimum to tell him to put on the lights. [¶] . . . The officer would be remiss to sit and let him go out on a city street with his lights off and then decide that he should stop him. If he were to sit and wait for him to actually get on a city street and then effect a stop and an accident were to occur, the ramifications of that would be horrific. [¶] . . . What counsel is saying may very well be a defense to a driving without lights citation in that parking lot. I don't think it in any way, shape or form says that that's an illegal detention."

The trial court stated: "What the Court is looking at, and mindful that the test is objective, the Court's looking at Vehicle Code Section 24400 which reads, 'During darkness—"and clearly it was. It was 1:56 a.m."—every motor vehicle, other than a motorcycle, shall be equipped with at least two lighted headlamps . . . .' [¶] That's an infraction and it's not limited to the highway. So I am basing the denial of the motion on Section 24400."

Appellant's counsel asked the court if it felt "that the 24400 is included in 21107.8[.]" The trial court answered, "I think 21107.8 is not all inclusive. I think it lists specifically the specific Vehicle Code sections that can be enforced, the 23101[']s, speed contests, et cetera." Defense counsel responded, "The fact that the People made no showing about the ordinance, resolution or posting, it appears that that's something that they are required to do to justify a stop even for the listed sections." The trial court replied, "I think it's of no moment to 24400. I don't think the People have to show that for the 24400. At least as I read it." The trial court denied the suppression motion.

 Appellant's contention that the trial court erroneously denied his suppression motion is without merit. Appellant was driving at night without lighted headlamps in violation of Vehicle Code section 24400. Even were we to determine that the trial court erred in finding driving without lighted headlamps in this parking lot to be a citeable traffic infraction, the denial of the motion was justified.[2] "[W]e review the trial court's rulings[,] not its reasoning. [Citations.]" (*People* v. *Mason* (1991) 52 Cal.3d 909, 944 [277 Cal.Rptr. 166, 802 P.2d 950].)

Hart activated his overhead lights and stopped appellant to remind him to turn on his headlamps, not to cite him for a traffic violation. Stopping appellant was the most effective means to assure that he would turn on his lights before driving on the street. We agree with the prosecutor's common-sense argument made at the suppression hearing. ██ In view of

---

[2]The Attorney General concedes that the officer could not lawfully cite appellant for violating Vehicle Code section 24400 in this parking lot.

the potential harm to the public if appellant drove on a public street without headlamps on, Hart's detention of appellant was reasonable.[3]

■ "In order to justify a detention 'the circumstances known or apparent to the officer must include specific and articulable facts causing him to suspect that (1) *some activity relating to crime* has taken place or *is* occurring or *about to occur*, and (2) the person he intends to stop or detain is involved in that activity." (*People* v. *Aldridge* (1984) 35 Cal.3d 473, 478 [198 Cal.Rptr. 538, 674 P.2d 240], italics added.)

■ Officer Hart was not required to wait until appellant actually drove upon a public street to stop appellant. Just as the decision to detain ". . . need not be supported by the actual belief in guilt required to arrest, book, and jail an individual on a named criminal charge . . ." (*In re Tony C.* (1978) 21 Cal.3d 888, 892 [582 P.2d 957]), it need not be supported by the actual belief in guilt required to cite on a named violation of the Vehicle Code. Had Hart waited for appellant to drive on a public street, and had a traffic collision occurred, Hart would have been subject to justifiable criticism. While Hart could not, perhaps, legally cite appellant in the parking lot, appellant's driving without his headlamps on was activity "relating" to a violation of Vehicle Code section 24400 and it was "about to occur" on a public street. The suppression motion was properly denied.

The judgment is affirmed.

Stone (S. J.), P. J., and Gilbert, J., concurred.

---

[3]At oral argument, both appellant and the Attorney General agreed that appellant was "detained" in the parking lot. Notwithstanding the officer's initial motivation, we also agree that appellant was detained. "[T]he police can be said to have seized an individual 'only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave.' " (*Michigan* v. *Chesternut* (1988) 486 U.S. 567, 573 [100 L.Ed.2d 565, 572, 108 S.Ct. 1975].) Where, as here, an officer activates the overhead red lights of his police car, stops the car, and asks the driver for his or her license, a reasonable person would believe that he or she is not free to leave.