Filed 10/30/13  P. v. Reyes CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B245000 |
| Plaintiff and Respondent, | (Los Angeles County |
| v. | Super. Ct. No. BA400513) |
| ANDRES REYES, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Henry H. Hall, Judge.  Affirmed as modified.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Susan Sullivan Pithey and David Zarmi, Deputy Attorneys General, for Plaintiff and Respondent.

_____

After the trial court denied his motion to suppress evidence, defendant Andres Reyes pleaded guilty to the sale of heroin (Health & Saf. Code, § 11352, subd. (a))[1] (count 1) and possession of heroin for sale (§ 11351) (count 2). As to both counts, defendant admitted the allegation that he had suffered a prior narcotics conviction. (§ 11370.2, subd. (a).)

The trial court sentenced defendant to 365 days in county jail and granted him three years' formal probation under various terms and conditions. Defendant was ordered to pay a $40 court security fee (Pen. Code, § 1465.8, subd. (a)(1)), a $30 criminal conviction assessment (Gov. Code, § 70373), and a $50 crime laboratory fee (§ 11372.5).

Defendant appeals on the ground that the trial court erred in denying his motion to suppress evidence, since none of its cited exceptions to the warrant requirement apply in this case. Defendant also asks this Court to conduct an independent review of the sealed *Pitchess* materials.[2] Respondent contends the trial court failed to impose the correct fees and assessments.

**FACTS**

At the hearing on defendant's motion to suppress evidence, Officer Phillip Chan, a narcotics investigator for the Los Angeles Police Department (LAPD), testified that on July 18, 2012, he was working with a team of four detectives in the area of Alpine and Hill Streets. Officer Chan had received information approximately 10 days earlier from an individual, who wished to remain anonymous, that "a male Hispanic in his twenties, possibly 5'8", 180 pounds, driving a white vehicle" was selling heroin in the area of Alpine and Hill Streets. Officer Chan knew the name of the individual, but he had not previously used that person as an informant.

At approximately 3:00 p.m., Officer Chan saw defendant driving a white four-door vehicle in the area of Alpine and Hill Streets. Defendant fit the weight and age

---

[1]    All further references to statutes are to the Health and Safety Code unless stated otherwise.

[2]    *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*).

2

descriptions given by the informant, although Officer Chan could not determine defendant's height while defendant was still seated in the car. Officer Chan and the detectives placed defendant under surveillance.

Defendant parked on Alpine Street and got out of his car. He then spent four or five minutes pacing back and forth on Alpine Street between Hill and Yale Streets. Defendant did not appear to beckon to anyone on the street, and no one on the street tried to approach the vehicle. Defendant got back in his car and drove toward Yale Street.

Officer Chan then saw defendant commit a traffic violation as he turned right onto Yale Street from Alpine Street and failed to yield to pedestrians in the crosswalk in violation of Vehicle Code section 21950, subdivision (a). Officer Chan requested a marked police patrol car to stop defendant for the violation. Officers Alvarenga and Wright responded. Within three or four minutes, Officer Chan was notified that the officers had detained defendant on Idell Street. Officer Chan went to Idell Street and was told by Officer Alvarenga that defendant did not possess a valid driver's license and that he was under arrest for violation of Vehicle Code section 12500, subdivision (a). Officer Chan saw defendant in handcuffs at a location approximately 10 feet from his car. Officer Chan conducted a search of defendant's vehicle and was assisted by other officers. The vehicle was searched because defendant was under arrest and because of the information that Officer Chan had received from the informant.

Officer Chan saw Officer Euhara discover a small nylon bag in the air vent next to the dashboard. Inside the nylon bag, Officer Chan saw a total of nine tightly wrapped plastic bindles, and inside each bindle were small colored toy balloons. The balloons—approximately 100 of them—contained heroin. Officer Kearney found $541 in defendant's pants pockets. The combined searches lasted 10 minutes. Defendant was on probation with search conditions.

**DISCUSSION**

## I. Validity of the Search

### A. *Defendant's Argument*

Defendant contends the trial court improperly denied his motion to suppress evidence of the heroin found in his car because none of the exceptions to the search warrant requirement cited by the trial court applies in defendant's case.

### B. *Proceedings Below*

After Officer Chan's testimony, defense counsel argued that defendant's arrest for violating Vehicle Code section 12500 was not a basis for a search of the vehicle under *Arizona v. Gant* (2009) 556 U.S. 332 (*Gant*). Defendant was not in a situation where he could get to his car to do anything with contraband or weapons. Moreover, there were three or more officers detaining defendant. In addition, the car would not contain evidence regarding the violation of Vehicle Code section 12500 (driving without a license), and the search was therefore not justified under *Gant* for that reason as well. The informant's tip was insufficient to provide probable cause because Officer Chan did not indicate the informant was a reliable one. There was no testimony that the informant acquired the information from personal knowledge, and there was no corroboration from any activity by defendant. The information was merely a generic description of an individual, a car, and a location. There was no indication whether the informant had a motive or stake in the situation, and there was no evidence that the individual was a citizen informant. Defendant's probation status was irrelevant because Officer Chan did not know about it when he searched the car.

The prosecutor listed the facts known to Officer Chan from the informant and Officer Chan's observations and argued that the circumstances of the case "seem to meet the automobile exception." The prosecutor stated that defendant had a reduced expectation of privacy because he had a search condition, even though Officer Chan did not know this before the search. The prosecutor submitted on the totality of the circumstances.

4

Defense counsel responded that the information given by the informant cannot be a bold assertion without facts supported by personal knowledge. Although a lack of reliability can be compensated for by other corroboration, there was none in this case.

The trial court stated the matter fell in the gray area between what is evident in "*Beltran* and *Gant*."[3] Officer Chan's lack of knowledge of defendant's probation conditions precluded justification of the search on that basis. The court noted that in *Gant*, the vehicle was already secure in the defendant's yard and the defendant was isolated. Therefore, the search of the car could not be justified by the arrest made in that case. In this case, defendant's car was out on the street. Since defendant was clearly subject to custodial arrest for the Vehicle Code section 12500 violation, the search of the vehicle probably would have been justified because the vehicle was going to be taken into custody pursuant to impoundment procedures. The court noted that neither party had raised this argument, but the court believed that, "based on that, the search of the vehicle would have been justified." As an alternative ground, the court observed that the officer had information that someone matching defendant's description was driving a car matching the description of defendant's car and selling heroin. The officers then saw defendant engaging in somewhat furtive conduct in the area in which the heroin was being sold. The subsequent pretext stop was permissible because it was supported by legal cause. The search of the vehicle was supported by legal cause pursuant to the arrest of defendant and the fact that the car was not secured in any way, which was the salient fact in *Gant*. The trial court denied the motion under Penal Code section 1538.5.

---

**3**    The circumstances indicate that the trial court was referring to *New York v. Belton* (1981) 453 U.S. 454 (*Belton*), which held that a police officer who makes a lawful custodial arrest of an automobile's occupant may "as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." (*Id.* at p. 460.) *Gant* disapproved a broad reading of *Belton* and held that a lawful custodial arrest supports a search of a vehicle occupied or recently occupied by the arrestee "when the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search" or "when it is 'reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle.'" (*Gant*, *supra*, 556 U.S. at p. 343.)

5

Defense counsel responded that the court was assuming that the car would have been impounded. She had information that the vehicle was not impounded and was left at the scene. Counsel asked for permission to subpoena Officer Chan to testify to that in a renewed motion. The court replied that counsel could take that up with the trial court, if in fact the matter went to trial. When asked by defense counsel to make a factual finding regarding the reliability of the informant as testified to by Officer Chan, the court stated that there was nothing to indicate that the individual was anything other than a citizen informant. The court noted the corroborating circumstances and reiterated that the arrest was valid.

## C. Relevant Authority

In ruling on a suppression motion under Penal Code section 1538.5, the trial court "'"(1) finds the historical facts, (2) selects the applicable rule of law, and (3) applies the latter to the former to determine whether the rule of law as applied to the established facts is or is not violated."'" (*People v. Ayala* (2000) 23 Cal.4th 225, 255.) On appeal, this Court reviews the trial court's factual findings under the deferential substantial evidence standard. (*Ibid.*) The trial court has "the power to judge the credibility of the witnesses, resolve any conflicts in the testimony, weigh the evidence and draw factual inferences" for the purpose of making its factual findings. (*People v. Lawler* (1973) 9 Cal.3d 156, 160.) The trial court has the power to decide "what the officer actually perceived, or knew, or believed, and what action he took in response." (*People v. Leyba* (1981) 29 Cal.3d 591, 596.)

We review de novo the trial court's selection of the applicable law and application of the law to the facts. (*People v. Lomax* (2010) 49 Cal.4th 530, 563.) We will affirm the trial court's ruling if it is correct on any theory of law applicable to the case, even if for reasons different than those given by the trial court. (*People v. McDonald* (2006) 137 Cal.App.4th 521, 529.)

Review of a suppression motion ruling is judged exclusively by federal constitutional standards. (*People v. Glaser* (1995) 11 Cal.4th 354, 363.) The Fourth Amendment to the federal Constitution protects against warrantless searches, but there

are a number of exceptions to the warrant requirement. One exception applies when a police officer has probable cause to believe contraband is located in a car that has been stopped for a traffic violation. (See *Wyoming v. Houghton* (1999) 526 U.S. 295, 300.) "[A] finding of probable cause requires only a fair probability that contraband or evidence of criminal activity will be found." (*People v. Glenos* (1992) 7 Cal.App.4th 1201, 1207, citing *Illinois v. Gates* (1983) 462 U.S. 213, 238-239.) Only a probability of criminal activity is required, not a prima facie showing. (*Illinois v. Gates*, at p. 235.) The probability that incriminating evidence will be found is of a practical and nontechnical nature, and it need not be shown that the belief is more likely to be true than false. (*Texas v. Brown* (1983) 460 U.S. 730, 742.)

Probable cause based on an informant's tip is evaluated under a "totality-of-the-circumstances" test in which the informant's "'veracity,'" "'reliability,'" and "'basis of knowledge'" are understood as "closely intertwined issues that may usefully illuminate the commonsense, practical question" of whether there is probable cause to believe that contraband is in a given place. (*Illinois v. Gates*, *supra*, 462 U.S. at p. 230; see also *People v. Medina* (1985) 165 Cal.App.3d 11, 17.) An informant can provide probable cause where there is testimony that he or she was a citizen informant (see *People v. Rooney* (1985) 175 Cal.App.3d 634, 646) or where the tip is corroborated by police investigation and surveillance (*People v. Clark* (1992) 3 Cal.4th 41, 141). Where a tip is corroborated, "[t]he corroboration need not[] be in any particular form." (*Ibid.*) "'[T]he authorities need only confirm the untested informant's *reliability* "in essential respects"; they need not establish *every element* of probable cause by independent means.'" (*Ibid*.) Moreover, it is possible for an informant's bare conclusion to be supported by secondary information, which need not amount to probable cause, but which buttresses that conclusion. The two in combination may provide sufficient cause for the issuance of a search warrant. (*Ibid.*)

## D. Motion Properly Denied

Although defendant in his reply brief faults respondent for providing only one justification for denial of defendant's motion, a trial court's ruling, correct for any reason,

may be upheld. "[I]f the action of the trial court in denying the motion to suppress was right upon any theory of the law applicable to the case, it must be sustained regardless of the considerations which may have moved the trial court to its conclusion. A correct decision of the trial court must be affirmed on appeal even if it is based on erroneous reasons." (*People v.Hobbs* (1987) 192 Cal.App.3d 959, 963; see *People v. Avalos* (1996) 47 Cal.App.4th 1569, 1580.) .

Reviewing the evidence in the light most favorable to the order denying suppression, we hold that the trial court's ruling meets the constitutional standard of reasonableness. (*People v. Renteria* (1992) 2 Cal.App.4th 440, 442.) We believe that the search falls within the automobile exception to the warrant requirement. (See generally *Carroll v. United States* (1925) 267 U.S. 132, 147-156.) Under that exception, "police who have probable cause to believe a lawfully stopped vehicle contains evidence of criminal activity or contraband may conduct a warrantless search of any area of the vehicle in which the evidence might be found. [Citations.] Such a search 'is not unreasonable if based on facts that would justify the issuance of a warrant, even though a warrant has not actually been obtained.' [Citation.] . . . 'If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search.' [Citations.]" (*People v. Evans* (2011) 200 Cal.App.4th 735, 753; see also *United States v. Ross* (1982) 456 U.S. 798, 825.) The scope of the search is defined by the object of the search and the places in which there is probable cause to believe contraband may be found. (*Ross*, at p. 824.)

The probable cause standard is a """"fluid concept—turning on the assessment of probabilities in particular factual contexts,"""" and is "'incapable of precise definition.'" (*People v. Thompson* (2006) 38 Cal.4th 811, 818.) Here, the information from the informant's tip combined with the observations of Officer Chan and his team provided probable cause to search the car. The informant in this case provided a detailed description of defendant and defendant's car, as well as of the location of the heroin sales. Officers observed defendant and his car, both of which matched the informant's description. Defendant parked his car and paced the street back and forth, which Officer

8

Chan recognized as activity consistent with drug sales. (See *Terry v. Ohio* (1968) 392 U.S. 1, 6 [the "measured pacing" of two of the suspects among the factors justifying reasonable suspicion for a detention].) In the instant case, the pacing combined with the informant's tip about the drug-selling activity in that very same block by a person matching defendant's description and driving a car whose description matched defendant's was sufficient corroboration to provide probable cause. The informant was not anonymous to Officer Chan, even though he had not used the informant in the past. Officer Chan knew his or her name and physical description. "Neither a previous demonstration of reliability nor subsequent corroboration is ordinarily necessary when witnesses to or victims of criminal activities report their observations in detail to the authorities." (*People v. Brueckner* (1990) 223 Cal.App.3d 1500, 1504.) Reliability is further "indicated where the informer's identity is known to the police, as the informer exposes himself or herself to potential liability for malicious prosecution or false reporting." (*Id.* at pp. 1504-1505; see also *Illinois v. Gates*, *supra*, 462 U.S. at pp. 233-234.)

Moreover, although the original basis of the automobile exception was the mobility of a vehicle and the fact it could be quickly moved from the jurisdiction while a warrant is being sought (*California v. Carney* (1985) 471 U.S. 386, 390), the Supreme Court subsequently clarified that ready mobility was not the only basis for the exception. (*Id.* at p. 391.) The exception is also founded on the lesser expectation of privacy one has with respect to one's vehicle as opposed to one's home. (*Ibid*.)

Given the totality of the circumstances in this case, which are recounted in the trial court's remarks, as well as in the section of this opinion describing the factual background, there was sufficient probable cause to search the automobile. Probable cause may exist even though there is room for doubt or the facts known to the officer would not alone be sufficient to support a conviction. (*Hamilton v. City of San Diego* (1990) 217 Cal.App.3d 838, 844.) In addition, the possibility of an innocent explanation does not vitiate probable cause or invalidate a search or seizure. (*Johnson v. Lewis* (2004) 120 Cal.App.4th 443, 453.) Considering Officer Chan's training and experience

(a narcotics investigator for the LAPD with 19 years' experience as an officer), his observations of defendant's behavior combined with the tip information provided a sufficient basis for a reasonable search.

## II.  Pitchess *Hearing*

Defendant requests that this Court independently review the transcript of the *Pitchess* hearing to determine if any additional discoverable materials were withheld. The record shows that defendant's *Pitchess* motion sought information from the confidential personnel files of all of the police officers involved in his arrest and the search of his vehicle.  At the hearing on the motion, the court determined that disclosure was appropriate as to false police reports, invention of probable cause, and false testimony with respect to the officers involved in the traffic stop, the discovery of the heroin, the discovery of the money, and the officer to whom an alleged confession was made.  The court set an in camera review for a later date.  At the review, the court found discoverable information and ordered the custodian of records to provide it to the defense.  The court ordered the transcript of the *Pitchess* review hearing sealed.

Upon a showing of good cause, a defendant has a right to discover information from a police officer's personnel file that is relevant to the proceedings against the defendant.  (*People v. Mooc* (2001) 26 Cal.4th 1216, 1226-1227; Evid. Code, §§ 1043, 1045, subd. (a).)  We review the trial court's ruling on a motion to discover personnel records for abuse of discretion.  (See *People v. Samayoa* (1997) 15 Cal.4th 795, 827.)

We conclude that the trial court properly exercised its discretion in this case.  The trial court's findings during its review, as reflected in the sealed transcript, are sufficient to permit appellate review of its rulings.  (See *People v. Prince* (2007) 40 Cal.4th 1179, 1285-1286; *People v. Mooc*, *supra*, 26 Cal.4th at pp. 1228-1230.)  The transcripts of the in camera hearings contain a number for each complaint filed against each officer, the type of complaint, a summary of the events surrounding each complaint, and the trial court's ruling as to the relevance of the complaint to the issues on which discovery would be allowed.  Our independent review reveals that the trial court properly exercised its

10

discretion and that no additional materials were erroneously not ordered disclosed to the defense.

### III. Fines, Fees, and Assessments

Respondent argues that this Court should modify the judgment to impose a $40 court security fee (Pen. Code, § 1465.8) and a $30 criminal conviction assessment (Gov. Code, § 70373) for each count, or $140, rather than the current $70. Respondent also contends the trial court failed to impose a mandatory criminal laboratory analysis fee of $50 (§ 11372.5, subd. (a)) in count 2. The court also did not impose a state penalty assessment of $50 (Pen. Code, § 1464), a county penalty assessment of $35 (Gov. Code, § 76000), a 20 percent state surcharge of $10 (Pen. Code, § 1465.7), and a state court construction penalty of $15 (Gov. Code, § 70372, subd. (a)) for each of counts 1 and 2.

We agree with respondent. The record shows that the trial court imposed a single court security fee of $40, a single criminal conviction assessment of $30, and one crime laboratory drug analysis fee of $50 "plus penalty and assessments." A trial court must impose a court security fee and a criminal conviction assessment for each conviction, whether or not sentence is stayed. (See *People v. Castillo* (2010) 182 Cal.App.4th 1410, 1415, fn. 3.) Therefore the court security fee must be modified to $80 and the court security fee must be modified to $60. Both counts 1 and 2 are subject to the criminal laboratory analysis fee. (§ 11372.5.) Because the court imposed only one laboratory analysis fee, the judgment must be modified to reflect a second fee of $50, or $100 total in laboratory fees. (§ 11372.5, subd. (a).)

Penal Code section 1464 provided in 2012, at the time of defendant's sentencing, and still provides, that the trial court "shall [levy] a state penalty in the amount of ten dollars ($10) for every ten dollars ($10), or part of ten dollars ($10), upon every fine, penalty, or forfeiture imposed and collected by the courts for criminal offenses . . . ." Subdivision (a) of Government Code section 76000 provided in pertinent part: "(1) . . . there shall be levied an additional penalty in the amount of seven dollars ($7) for every ten dollars ($10), or part of ten dollars ($10), upon every fine, penalty, or forfeiture imposed and collected by the courts for criminal offenses . . . . [¶] (2) This additional

11

penalty shall be collected together with and in the same manner as the amounts established by Section 1464 of the Penal Code." (Stats. 2010, ch. 720, § 26.) *People v. Talibdeen* (2002) 27 Cal.4th 1151, 1156-1157, held that the Penal Code section 1464 and Government Code section 76000 penalty assessments are mandatory and that the failure to impose such penalty assessments is the equivalent of an unauthorized sentence. Therefore, the trial court should have imposed an additional $50 for each count under Penal Code section 1464, and an additional $35 under Government Code section 76000 for each count.

Effective late in 2002, the Legislature enacted a state surcharge in Penal Code section 1465.7, which provides: "(a) A state surcharge of 20 percent shall be levied on the base fine used to calculate the state penalty assessment as specified in subdivision (a) of Section 1464. [¶] (b) This surcharge shall be in addition to the state penalty assessed pursuant to Section 1464 of the Penal Code and may not be included in the base fine used to calculate the state penalty assessment as specified in subdivision (a) of Section 1464." The state surcharge is also mandatory. Thus, the trial court should have imposed a surcharge of $10 in each count, the amount authorized by statute. (Pen. Code, § 1465.7, subd. (a).) Government Code section 70372, subdivision (a) provides for a state court construction penalty, and, as explained in *People v. Voit* (2011) 200 Cal.App.4th 1353, 1375, this surcharge in Los Angeles County has an effective rate of 30 percent, or $15 in each count. (See also *People v. McCoy* (2007) 156 Cal.App.4th 1246, 1254 [the $15 calculation is specific to Los Angeles County].) Any error in the imposition of the surcharge may be corrected whenever the error is discovered. (*People v. Taylor* (2004) 118 Cal.App.4th 454, 456-457 [reviewing court imposed the Pen. Code, § 1465.7 state surcharge on appeal because trial court failed to do so].)

We will correct the judgment to impose the assessments and the surcharge in the amounts authorized by statute.

## DISPOSITION

The judgment is modified to add the following fees and penalties: an additional court security fee of $40 (Pen. Code, § 1465.8); an additional criminal conviction

assessment of $30 (Gov. Code § 70373); an additional laboratory fee of $50 (§ 11372.5, subd. (a)); a state penalty assessment of $100 ($50 each count) (Pen. Code, § 1464); a county penalty assessment of $70 ($35 each count) (Gov. Code, § 76000); a state surcharge of $20 ($10 each count) (Pen. Code, § 1465.7); and a state court construction penalty of $30 ($15 each count) (Gov. Code, § 70372, subd. (a)).  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


BOREN, P.J.

We concur:


ASHMANN-GERST, J.


FERNS, J.*

_____

*       Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.


13