Filed 2/26/14  P. v. Martinez CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROGELIO URIBE MARTINEZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B247143<br>(Super. Ct. No. 2012033262)<br>(Ventura County) |

Rogelio Uribe Martinez appeals his conviction by plea to possession for sale of a controlled substance (Health & Saf. Code, § 11378) and possession of a controlled substance with a firearm (Health & Saf. Code, § 11370.1, subd. (a)), entered after the trial court denied his motion to suppress evidence.  (Pen. Code, § 1538.5.)  Pursuant to a negotiated plea, appellant admitted an out-on-bail enhancement (Pen. Code, § 12022.1, subd. (b)) and admitted two prior drug convictions (Health & Saf. Code, § 11370.2, subd. (c)) and two prison prior enhancements (Pen. Code, § 667.5, subd. (b)).  The trial court sentenced him to six years eight months state prison. We affirm.

*Facts and Procedural History*

On the afternoon of September 13, 2012, Oxnard Police Officer Martin Cook saw a white Ford stopped in the middle of Country Club Circle, a roadway.  . Appellant was in the driver's seat and blocking the westbound lane.

Officer Cook asked why appellant was blocking traffic. Appellant's was very nervous, and sweating profusely, his pupils were dilated, his eyes were red and watery, and he spoke rapidly. Appellant said he was dropping off his three year old daughter who was in the back seat. A second man, Martin Diosadado, was in the front passenger seat.

Officer Cook determined that appellant was on probation and had search terms. Appellant was asked to exit the vehicle and searched. He had $1,182 cash in his pants pocket. A clear plastic baggy of white powdery substance was in the car center console. Officers found a backpack in the trunk that had appellant's "homework," a baggy of 17.5 grams of methamphetamine, and a loaded .38 caliber revolver. Appellant was arrested and tested positive for amphetamine.

Before trial, appellant moved to suppress the evidence on the ground that Officer Cook lacked the authority to conduct a traffic stop and detain appellant on a private road. The motion was based on the theory that County Club Circle was not a public street or highway within the meaning of Vehicle Code section 360. Denying the motion, the trial court found there was reasonable suspicion to justify the stop and detention. Officer Cook "was checking out to see if there was vehicular malfunction and that was the purpose of the stop."

*Discussion*

We defer to the trial court's factual findings, express or implied, where they are supported by substantial evidence. (*People v. Lenart* (2004) 32 Cal.4th 1107, 1119.) We exercise our independent judgment in determining whether, on the facts presented, the search of seizure was reasonable under the Fourth Amendment. (*Ibid*.) Here the appeal is based on an esoteric discussion of what is a public street or highway. Notwithstanding resolution of this contention, we observe that Officer Cook knew that appellant was on probation and had search terms. Appellant did not dispute it when the motion was argued. The prosecution's opposition papers stated: "Officer

2

Cook ran a records check on both Defendant and the front passenger and determined that both were on probation with search terms for narcotics."

As a general rule, probation search terms constitute a complete waiver of the probationer's fourth amendment rights. (*People v. Bravo* (1987) 43 Cal.3d 600, 605.) So too here. "Warrantless searches are justified in the probation context because they aid in deterring further offenses by the probationer and in monitoring compliance with the terms of probation. [Citations.]" (*People v. Robles* (2000) 23 Cal.4th 789, 795.)

*Public Street or Highway*

Appellant's assertion that the traffic stop was conducted on a private road does not invalidate the detention and search. Vehicle Code section 22400 provides: "No person shall bring a vehicle to a complete stop upon a highway so as to impede or block the normal and reasonable movement of traffic unless the stop is necessary for safe operation or in compliance with [the] law."[1]

Appellant argues that the Vehicle Code may not be enforced on private roads or privately owned parking lots. But a highway is a street (§ 360) and a street is a highway. (§ 590.) Just as a " '[r]ose is a rose is a rose is a rose[]' (Gertrude Stein, Sacred Emily (1913)[])" (*John R. v. Oakland Unified School Dist.* (1989) 48 Cal.3d 438, 459 (conc. Op. of Eagelson, J.), a street is a street.

Appellant argues that Country Club Circle is not a public street within the meaning of section 22400 because it is in a mobile home park. Trial counsel conceded that the term "highway" includes a street in a residential area. Appellant claims it was *Strickland* error (*Strickland v. Washington* (1984) 466 U.S. 668, 687 [80 L.Ed.2d 674, 693] and that he was denied effective assistance of counsel. We disagree. There is no constitutional requirement that trial counsel make futile

---

[1] All further statutory references are to the Vehicle Code.

arguments.  (See *People v. Price* (1991) 1 Cal.4th 324, 387; *People v. Szadziewicz* (2008) 161 Cal.App.4th 823, 826.)

Section 360 defines "highway" as "a way or place of whatever nature, publicly maintained and open to the use of the public for purposes of vehicular travel and includes street in its usual and ordinary meaning.  (37 Cal.Jur.3d (2010) Highways and Streets § 1, p. 93.)  A private road is "a way or place in private ownership and used for vehicular travel by the owner and those having express or implied permission from the owner but not by other members of the public."  (§ 490.)  In *Laubscher v. Blake* (1935) 7 Cal.App.2d 376, the Court of Appeal concluded that a driveway into a cemetery was a public highway because it was open to the general public and used by the general public to visit the burial grounds. (*Id.*, at p. 381-382.)

The evidence shows that Country Club Circle is not restricted for the exclusive use of mobile home residents.  It is open to the public and does not have a gate or guardhouse.  There are no signs stating that Country Club Circle is a private road or that entry is restricted,

Citing *People v. Ellis* (1993) 14 Cal.App.4th 1198, appellant argues that County Club Circle is not a highway because there was no sign saying it was a public street.  In *Ellis,* defendant claimed that he was illegally detained for driving without headlights in a privately owned parking lot.  We held that even if the trial court erred in finding that it was a citable traffic infraction, the  detention of reasonable.  "Officer Hart was not required to wait until appellant actually drove upon a public street to stop appellant. . . .  While Hart could not, perhaps, legally cite appellant in a parking lot, appellant's driving without his headlights on was activity 'relating' to a violation of Vehicle Code section 24400 and it was 'about to occur' on a public street." (*Id.*, at p. 1202.)

Like *Ellis*, it was reasonable for Officer Cook to suspect that appellant was driving on a public street and could be detained.  Appellant was stopped in the road and blocking traffic, posing a danger to motorists and the three-year old child in

4

the back seat.  In the words of Officer Cook:  "[W]e stopped to determine why in fact the vehicle was stopped in the middle of the westbound lane and [to determine] if there were any malfunctions with the vehicle or any type of problem."  Officer Cook approached and discovered that appellant was on probation with search terms.  The trial court did not err in denying the motion to suppress evidence.

The judgment (order denying motion to suppress evidence) is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.

James P. Cloninger, Judge

Superior Court County of Ventura

_____



Lyn A. Woodward, under appointment by the Court of Appeal, for Defendant and Appellant.



Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, , Supervising Deputy Attorney General, Blythe J. Leszkay, Jonathan M. Krauss, Deputy Attorneys General, for Plaintiff and Respondent.