Filed 3/17/21  P. v. Lopez CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>RICARDO LOPEZ,<br><br>Defendant and Appellant. | F077827<br><br>(Kern Super. Ct. No. BF168445A)<br><br><br>OPINION |

THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Stephen D. Schuett, Judge.

Joshua G. Wilson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Kathryn L. Althizer, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Levy, Acting P.J., Poochigian, J. and Detjen, J.

## INTRODUCTION

Appellant and defendant Ricardo Lopez was convicted of narcotics offenses, and the court imposed a split sentence. The court also imposed a restitution fine, fees, and assessments based on the nature of his convictions.

On appeal, defendant argues the court improperly ordered him to pay the fines, fees, and assessments without determining his ability to pay such amounts based on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*). We affirm.

## FACTS

On the afternoon of May 13, 2017, Officer Iturriria of the California Highway Patrol was on patrol in Bakersfield when he saw a vehicle that had heavily tinted windows in violation of the Vehicle Code. He conducted a traffic stop and the vehicle pulled to the side of the road. Defendant was the driver and sole occupant.

Upon contacting defendant, Officer Iturriria immediately noticed signs of drug intoxication including bloodshot eyes, rapid speech, and very nervous demeanor. Defendant complied with Iturriria's direction to perform field sobriety tests and displayed symptoms consistent with the use of central nervous system stimulants.

Officer Iturriria arrested defendant for driving under the influence and searched him. He had two bags of methamphetamine in his pants pockets. The two bags contained a total of 11.14 grams of methamphetamine. Defendant was also in possession of $702 in small bills.

In the car's center console, there were three working cell phones, three glass smoking pipes with methamphetamine residue, and two sheets of plastic with torn edges consistent with packaging materials.

In response to questions, defendant said he was addicted to methamphetamine, he was a regular and heavy user, and had used the drug since he was 15 years old. Defendant said he smoked "a dime" of methamphetamine that morning and had "seven or eight hits" around lunchtime.

2.

Defendant's blood test was positive for amphetamine and methamphetamine.

Officer Iturriria testified that in his opinion, defendant possessed the methamphetamine for purposes of transportation and sale based on the cash, cell phones, packaging materials, and the amount possessed.

## PROCEDURAL BACKGROUND

On August 16, 2017, an information was filed in the Superior Court of Kern County that charged defendant with count 1, transportation of methamphetamine (Health & Saf. Code, § 11379, subd. (a)); count 2, possession of methamphetamine for sale (Health & Saf. Code, § 11378); count 3, misdemeanor use or being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a)); count 4, misdemeanor possession of drug paraphernalia (Health & Saf. Code, § 11364); count 5, misdemeanor driving while being addicted to the use of a drug and not participating in a methadone maintenance treatment program (Veh. Code, § 23152, subd. (c)); and, count 6 driving a vehicle under the influence of a drug (*Id*., subd. (f)).

As to counts 1 and 2, it was alleged that defendant had four prior prison term enhancements. (Pen. Code, § 667.5, subd. (b)).[1]

On February 13, 2018, the court granted the prosecution's motion to dismiss count 5 and the prior prison term enhancements.

**Jury Trials and Convictions**

On February 20, 2018, after a jury trial, defendant was convicted of counts 3, 4, and 6. The jury was unable to reach verdicts on counts 1 and 2, and the court declared a mistrial.

On May 24, 2018, after a second jury trial, defendant was convicted of counts 1 and 2.

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated.

3.

**Sentencing**

On July 17, 2018, the court sentenced defendant to the upper term of four years for count 1, transportation of methamphetamine, with two years served in local custody and two years on mandatory supervision; the upper term of three years for count 2, possession of methamphetamine for sale, also as a split sentence but stayed pursuant to section 654; one year for count 3, misdemeanor use or being under the influence of a controlled substance, stayed pursuant to section 654; a concurrent term of one year for count 4, misdemeanor possession of drug paraphernalia; and one year in jail for count 6, driving a vehicle under the influence of a drug (Veh. Code, § 23152, subd. (f)).

The court ordered his driver's license suspended, and admonished that he could be charged with murder if he drove under the influence and someone was killed as a result, pursuant to *People v. Watson* (1981) 30 Cal.3d 290.

**Fines, Fees, and Assessments**

The court stated it was going to impose certain fines, fees, and assessments. Defense counsel stipulated to the amounts stated in the probation report as follows.

As to count 1, defendant was ordered to pay a restitution fine of $300 (§ 1202.4) and the parole revocation fine of $300 was suspended (§ 1202.45); and $40 a month in supervision costs.

As to each count, defendant was ordered to pay a court facilities assessment fee of $30 (Gov. Code, § 70373); and a court operations assessment fee of $40 (§ 1465.8).

As to counts 1 and 4, defendant was ordered to pay a $50 laboratory analysis fee (Health & Saf. Code, § 11372.5), plus a $155 penalty assessment; and a drug program fee of $100 (Health & Saf. Code, § 11372.7), plus a $310 penalty assessment.

The penalty assessment of $155 consisted of individual assessments in the amounts of $50 (§ 1464, subd. (a)), $35 (Gov. Code, § 76000, subd. (a)), $5 (Gov. Code, § 76104.6), $20 (Gov. Code, § 76104.7), $25 (Gov. Code, § 70372, subd. (a)), $10 (Gov. Code, § 76000.5) and $10 (§ 1465.7). The $310 penalty assessment consisted of double

4.

of each of these amounts. (See, e.g., *People v. Talibdeen* (2002) 27 Cal.4th 1151, 1153–1154; *People v. Martinez* (1998) 65 Cal.App.4th 1511, 1520.)

As to each of counts 2 and 3, defendant was also ordered to pay a $50 laboratory analysis fee (Health & Saf. Code, § 11372.5); and a drug program fee of $100 (Health & Saf. Code, § 11372.7), and payment of both fees were stayed pursuant to section 654.

As to count 6, defendant was ordered to pay a fine of $390 that was converted into a concurrent term of three days, plus a penalty assessment of $1209; a booking fee of $100 (Gov. Code, § 29550, subd. (c)); an additional assessment of $50 (§ 1463.25); plus, an additional assessment of $4 (Gov. Code, § 76000.10).

The penalty assessment of $1209 consisted of individual assessments of $390 (§ 1464, subd. (a)), $273 (Gov. Code, § 76000, subd. (a)), $39 (Gov. Code, § 76104.6), $156 (Gov. Code, § 76104.7), $195 (Gov. Code, § 70372, subd. (a)), $78 (Gov. Code, § 76000.5, subd. (a)), and $78 (§ 1465.7). (See, e.g., Veh. Code, § 23536, subd. (a); § 1464, subd. (a)(1).)

On July 18, 2018, appellant filed a timely notice of appeal.

## DISCUSSION

*Dueñas* held that "due process of law requires the trial court to conduct an ability to pay hearing and ascertain a defendant's present ability to pay" before it imposes any fines or fees. (*Dueñas, supra*, 30 Cal.App.5th at pp. 1164, 1167.)[2]

Defendant argues that as in *Dueñas,* the court in this case violated his due process rights because it imposed the fines, fees, and assessments without determining his ability to pay, and the amounts must be stricken and vacated unless the People prove his ability to pay. Defendant further argues he did not forfeit review of this issue because he lacked

---

[2] The California Supreme Court is currently considering whether trial courts must consider a defendant's ability to pay before imposing or executing fines, fees, and assessments; and if so, which party bears the applicable burden of proof. (See *People v. Kopp* (2019) 38 Cal.App.5th 47, 94–98, review granted Nov. 13, 2019, S257844.)

any statutory authority to object to the fines and fees at the time of the sentencing hearing, and *Dueñas* created a new constitutional basis to object to the court's order.

## I. Section 1237.2

As a preliminary matter, the People assert this appeal must be dismissed because defendant failed to request the trial court to address his challenges to the fines, fees, and assessments as required by section 1237.2 and *People v. Hall* (2019) 39 Cal.App.5th 502 (*Hall*).[3]  The primary purpose of section 1237.2 is to "encourage and facilitate the prompt and efficient resolution in the trial court of challenges to fines, assessments and fees that would otherwise be asserted on direct appeal," and the trial court retains jurisdiction to address a section 1237.2 request during the pendency of the direct appeal from the judgment of conviction.  (*People v. Torres* (2020) 44 Cal.App.5th 1081, 1087, 1088.)

In *Hall*, the defendant raised a *Dueñas* challenge on appeal, but did not challenge the court's imposition of these amounts "either at the time of sentencing or after, as required by section 1237.2."  The defendant argued she did not have to comply with section 1237.2 because her *Dueñas* claim was based upon "a violation of her constitutional rights, not a miscalculation of the fees."  *Hall* rejected the argument and held section 1237.2 applied broadly to errors in the imposition and calculation of fees. (*Hall, supra*, 39 Cal.App.5th at p. 504.)

---

[3] Section 1237.2 states:  "An appeal may not be taken by the defendant from a judgment of conviction on the ground of an error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction in the trial court, which may be made informally in writing.  The trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs upon the defendant's request for correction.  This section only applies in cases where the erroneous imposition or calculation of fines, penalty assessments, surcharges, fees, or costs are the sole issue on appeal."

In this case, defendant argues *Hall* was wrongly decided, and he was not required to comply with section 1237.2 to obtain appellate review of his *Dueñas* contentions. We believe *Hall* was correctly decided. We also note the trial court retained jurisdiction to address a section 1237.2 request during the pendency of the direct appeal from the judgment of conviction, and defendant could have filed the request after the People raised the issue on appeal. There is no evidence in this record that such a request was made.

## II. Dueñas

In any event, we disagree with the holding in *Dueñas* and find the matter need not be remanded on this issue. As explained in *People v. Aviles* (2019) 39 Cal.App.5th 1055 (*Aviles*), we believe *Dueñas* was wrongly decided and an Eighth Amendment analysis is more appropriate to determine whether restitution fines, fees, and assessments in a particular case are grossly disproportionate and thus excessive. (*Aviles*, at pp. 1068–1072.) Under that standard, the fines and fees imposed in this case are not grossly disproportionate to defendant's level of culpability and the harm he inflicted, and thus not excessive under the Eighth Amendment. (*Aviles*, at p. 1072.)

Next, to the extent *Dueñas* applies to this case, the court imposed the minimum restitution fine of $300, and defendant lacked the statutory authority to object under the governing law at the time of his sentencing hearing. (Cf. *People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1153–1154.)

At the time of the hearing, however, defendant had the statutory authority to raise ability-to-pay objections to the court's imposition of the $100 drug program fees imposed for counts 1 and 4 pursuant to the express terms of Health and Safety Code section 11372.7, subdivision (b).[4]  (See e.g., *People v. Martinez, supra*, 65 Cal.App.4th at

---

[4] "The court shall determine whether or not the person who is convicted of a violation of this chapter has the ability to pay a drug program fee. If the court determines that the person has the ability to pay, the court may set the amount to be paid and order the person to pay that sum to the county in a manner that the court believes is reasonable and compatible with the person's financial ability. In its determination of whether a

7.

p. 1516; *People v. McCullough* (2013) 56 Cal.4th 589, 598–599.)  Defendant could have relied on this statute and similarly argued that he lacked the ability to pay the other fines and assessments.  (See, e.g., *People v. Frandsen, supra*, 33 Cal.App.5th at pp. 1153–1154.)

Even if we agreed with *Dueñas*, we would still reject defendant's constitutional claims and find any error arising from the court's failure to make an ability to pay finding was harmless beyond a reasonable doubt since defendant has the ability to pay the fines and fees imposed in this case.  (*Chapman v. California* (1967) 386 U.S. 18, 24; *People v. Jones* (2019) 36 Cal.App.5th 1028, 1030–1031; *Aviles, supra*, 39 Cal.App.5th at pp. 1075–1077.)

" ' "Ability to pay does not necessarily require existing employment or cash on hand."  [Citation.]  "[I]n determining whether a defendant has the ability to pay a restitution fine, the court is not limited to considering a defendant's *present* ability but may consider a defendant's ability to pay in the future."  [Citation.]  This include[s] the defendant's ability to obtain prison wages and to earn money after his release from custody.  [Citation.]' [Citations.]" (*Aviles, supra*, 39 Cal.App.5th at p. 1076.)

We can infer from the instant record that defendant has the ability to pay the aggregate amount of fines and fees from probable future wages, including prison wages. (*Aviles, supra*, 39 Cal.App.5th at p. 1076; *People v. Ellis* (2019) 31 Cal.App.5th 1090, 1094; *People v. Douglas* (1995) 39 Cal.App.4th 1385, 1397.)  There is nothing in the record to show that defendant would be unable to satisfy the fine and fees imposed by the court while serving his prison term, even if he fails to obtain a prison job.  While it may take defendant some time to pay the amounts imposed in this case, that circumstance

person has the ability to pay, the court shall take into account the amount of any fine imposed upon that person and any amount that person has been ordered to pay in restitution.  If the court determines that the person does not have the ability to pay a drug program fee, the person shall not be required to pay a drug program fee."  (Health & Saf. Code, § 11372.7, subd. (b).)

does not support his inability to make payments on these amounts from either prison wages or monetary gifts from family and friends during his prison sentence. (See, e.g., *People v. Potts* (2019) 6 Cal.5th 1012, 1055–1057; *People v. Lewis* (2009) 46 Cal.4th 1255, 1321; *People v. DeFrance* (2008) 167 Cal.App.4th 486, 505.)

Finally, defendant argues the record suggests his inability to pay, since he was represented by appointed counsel, and the trial court did not find that he had the ability to repay the costs of representation under section 987.8. However, section 987.8 carries a specific statutory presumption that a defendant sentenced to more than one year in prison or county jail does not have the ability to reimburse defense costs. Such a statutory presumption does not apply to whether he had the ability to pay the statutorily mandated restitution fine and fees. (§ 987.8, subd. (g)(2)(B); *Aviles, supra*, 39 Cal.App.5th at pp. 1074–1075; *People v. Rodriguez* (2019) 34 Cal.App.5th 641, 646.)

## DISPOSITION

The judgment is affirmed.