Filed 10/24/24  P. v. Buchan CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CHRISTOPHER WILLIAM BUCHAN,<br><br>    Defendant and Appellant. | D082449<br><br><br>(Super. Ct. No. SCN434613) |

APPEAL from a judgment of the Superior Court of San Diego County, William Y. Wood, Judge.  Affirmed as modified.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and Maxine Hart, Deputy Attorneys General, for Plaintiff and Respondent.

Christopher William Buchan appeals the fines and fees imposed after a jury found him guilty of disobeying a court order (Pen. Code,[1] § 273.6, subd. (a)) and found true that the victim was a person defined in section 6211 of the Family Code (Pen. Code, § 1203.097, subd. (a)).  We conclude that the discretionary fines and fees must be stricken from the sentencing minute order because the trial court did not impose them orally at sentencing and neither party objected.  Accordingly, we modify the judgment to reflect only the mandatory fee and assessment required by statute.  As modified, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 2022, Buchan was charged with corporal injury to a spouse (count 1 - Pen. Code, § 273.5, subd. (a)), assault by means likely to produce great bodily injury (count 2 - Pen. Code, § 245, subd. (a)(4)), and disobeying a court order (count 3 - Pen. Code, § 273.6, subd. (a)).  As to counts 1 and 2, it was further alleged that Buchan personally inflicted great bodily injury upon the victim under circumstances involving domestic violence (Pen. Code, § 12022.7, subd. (e)).  As to all counts, it was further alleged that the victim was a person defined in section 6211 of the Family Code (Pen. Code, § 1203.097, subd. (a)).  A jury found Buchan not guilty of counts 1 and 2 and guilty of count 3.  The jury also found true the allegation in count 3.

The trial court granted probation for a term of three years with the requirement that Buchan complete a 52-week domestic violence program.  The court did not orally pronounce any fines or fees at the sentencing hearing, and the People did not object to or otherwise call the court's attention to its failure to orally impose any fines or fees.  The sentencing minute order, however, included the following: a fine of $745, a $500 domestic

---

[1]    Undesignated statutory references are to the Penal Code.

violence fund fee under section 1203.097, subdivision (a)(5)(A),[2] a restitution fine of $150 (§ 1202.4, subd. (b)),[3] and a suspended probation revocation restitution fine of $150 (§ 1202.44). The court reserved jurisdiction over restitution to the victim (§ 1202.4, subd. (f)).

## DISCUSSION

In his opening brief, Buchan initially argued that all fines and fees should be stricken because their imposition was unauthorized. Buchan asserted that the rendition of judgment is an oral pronouncement (*People v. Mesa* (1975) 14 Cal.3d 466, 471), a judgment includes any fine (*People v. Zackery* (2007) 147 Cal.App.4th 380, 387), and the oral pronouncement of judgment controls in the event of a discrepancy between the oral pronouncement and the minute order (*People v. Mitchell* (2001) 26 Cal.4th 181, 185–186). Buchan further argued that the clerk's addition of fines and fees to the minute order that were not orally pronounced renders the judgment unauthorized and that *Zackery* supports his request that we strike those fines and fees.

In response, the People did not dispute these underlying principles, but instead contended that the trial court's failure to impose mandatory assessments rendered the judgment unauthorized. The People asked us to remand, so that the trial court may impose any mandatory assessments and specify the basis for any fines and fees beyond those mandated by statute. The People identified only two mandatory assessments the court failed to impose: a court operations assessment under section 1465.8 and a criminal

[2] It is unclear from the handwritten minute order whether the $500 domestic violence fund fee was included in the $745 fine.

[3] The clerk erroneously indicated that the restitution fine was authorized under section 1202.44.

3

conviction assessment under Government Code section 70373. The People conceded that the restitution fines imposed under Penal Code sections 1202.4 and 1202.44, as well as the domestic violence fund fee imposed under Penal Code section 1203.097, were discretionary. (See *People v. Tillman* (2000) 22 Cal.4th 300, 302 (*Tillman*).) The People acknowledged that they did not object at sentencing when the court failed to orally impose these discretionary fines and fees, and that their failure to object forfeited the issue under *Tillman*. However, they asked us to exercise our discretion to overlook the forfeiture.

In his reply, Buchan conceded that the assessments mandated by statute should be imposed, but he argued that the forfeiture doctrine as applied in *Tillman* compels this court to strike the remaining discretionary fines and fees from the judgment without a remand. We agree.

Section 1202.4, subdivision (b) requires the imposition of a restitution fine in every case resulting in a conviction unless the court finds "compelling and extraordinary reasons for not doing so and states those reasons on the record." When a conviction results in the imposition of probation, section 1202.44 requires the court to "assess an additional probation revocation restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4 . . . effective upon the revocation of probation . . . ." The probation revocation restitution fine, similar to the restitution fine, may not be reduced or waived by the sentencing court, absent "compelling and extraordinary reasons stated on record." (§ 1202.44.)

4

The *Tillman* court interpreted this class of fines[4] to be discretionary because of the sentencing court's ability to exercise its discretion to waive or reduce them after making certain findings on the record. (*Tillman, supra*, 22 Cal.4th at p. 303.) In *Tillman*, the trial court did not state on the record its reasons for declining to impose restitution fines. (*Ibid.*) On appeal, the People sought to have the fines imposed and the Court of Appeal amended the judgment as requested. (*Id.* at p. 302.) Relying on its prior decisions in *People v. Scott* (1994) 9 Cal.4th 331 (claims of alleged misapplication of sentencing factors subject to forfeiture appeal) and *People v. Welch* (1993) 5 Cal.4th 228 (disputes as to reasonableness of probation conditions subject to forfeiture on appeal), the *Tillman* court held that either party's failure to object to the trial court's decision not to impose restitution fines meant those claims were forfeited on appeal (*Tillman*, at p. 303). Quoting *Scott*, the court observed that " '[a]lthough the court is required to impose [a] sentence in a lawful manner, counsel is charged with understanding, advocating, and clarifying permissible sentencing choices at the hearing. *Routine defects in the court's statement of reasons are easily prevented and corrected if called to the court's attention.*' " (*Ibid.*) By deeming the People's argument forfeited, the court " 'hope[d] to reduce the number of errors . . . and preserve the judicial resources otherwise used to correct them.' " (*Ibid.*)

Here, the trial court did not orally impose restitution fines at sentencing, but the court nevertheless included them in the sentencing minutes. Because, as in *Tillman*, the People failed to object to the court's lack of pronouncement of the restitution fines, the imposition of these discretionary fines is forfeited, and the correct remedy is to strike them from

---

4    The fines at issue in *Tillman* were those outlined in section 1202.4 and 1202.45. Section 1202.45 is the parole revocation counterpart of the probation revocation restitution fine in section 1202.44.

the judgment. (*Tillman, supra*, 22 Cal.4th at p. 303.) We decline to exercise our discretion to overlook the forfeiture as it would defeat the purpose of requiring a timely objection.

As to the domestic violence fund fee, we conclude that it must be stricken for the same reasons as the restitution fines. Penal Code section 1203.097 requires, as part of the terms of probation, a payment of a minimum fee of $500 in the event "a person is granted probation for a crime in which the victim is a person defined in Section 6211 of the Family Code. . . ." This fee may be reduced or waived if the court finds the defendant lacks the ability to pay and states so on the record. (Pen. Code, § 1203.097, subd. (a)(5)(A).) This discretion is similar to that afforded to the trial court to waive or reduce the restitution fines outlined in Penal Code sections 1202.4 and 1202.44, making it a discretionary fee within the meaning of *Tillman*. The People concede that *Tillman*'s forfeiture rule applies to the domestic violence fund fee. Accordingly, we will strike this fee as well. (*Tillman, supra*, 22 Cal.4th at p. 303.)

The record is not clear as to the statutory basis underlying the $745 fine, as it is not specified in the minute order. As we have noted, however, the People have identified only two mandatory fees or fines under Penal Code section 1465.8 and Government Code section 70373. We will therefore modify the judgment to include these assessments because they are mandatory and must be imposed in statutorily determined amounts of $40 per conviction under Penal Code section 1465.8 and $30 per conviction under Government Code section 70373. (*People v. Talibdeen* (2002) 27 Cal.4th 1151, 1157; *People v. Smith* (2001) 24 Cal.4th 849, 853.)

6

## DISPOSITION

The judgment is modified to impose a court operations assessment of $40 under Penal Code section 1465.8 and a conviction assessment of $30 under Government Code section 70373.  The superior court is directed to modify the sentencing minute order to include these two assessments and to strike the $745 fine, the $500 domestic violence fund fee under Penal Code section 1203.097, subdivision (a)(5)(A), the $150 restitution fine under Penal Code section 1202.4, subdivision (b), and the $150 probation revocation restitution fine under Penal Code section 1202.44.  The judgment is affirmed as modified.

BUCHANAN, J.

WE CONCUR:


O'ROURKE, Acting P. J.


IRION, J.

7